## TERRITORY OF HAWAII *v.* HOO KOON.

RESERVED QUESTION FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED MAY 28, 1915.               DECIDED JUNE 16, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CRIMINAL LAW—*arrests.*

Under section 3726 R. L. 1915 the right of the police to arrest without a warrant is not limited to felonies, and under section 3731 R. L. 1915 the officer may, if he has reasonable cause to believe that an offense has been or is being committed, enter a house to arrest an offender.

CONSTITUTIONAL LAW—*search and seizure.*

Where the police, without a warrant, arrest a person for having opium unlawfully in his possession, they may search the person of the one so arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which such person is arrested.

SAME—*same—articles unlawfully in possession of person arrested.*

Where a person is lawfully arrested in his room for having opium in his possession and the police, in making such arrest, without a search warrant search the room of the offender and seize certain opium and opium pipes found therein, the same should be treated as tools used for the perpetration or attempted perpetration of crime and may be held to be used in evidence (if otherwise admissible) to prove the charge on which such person is arrested; and such search and seizure is not in violation of the rights of the defendant under the Fourth Amendment to the Constitution of the United States.

OPINION OF THE COURT BY WATSON, J.

The petitioner in this proceeding, hereinafter designated the defendant, was on October 21, 1914, convicted and sentenced by the district magistrate of Honolulu on a charge of unlawfully having in his possession certain opium contrary to the provisions of Act 144 S. L. 1913 (Sec. 2075 R. L. 1915). That section provides as follows:

"Any person who shall use or smoke opium or have the same in his possession, except as provided in sections 2072 and 2074, shall be guilty of a misdemeanor and shall be punished by a fine of not less than fifty dollars or more than one hundred dollars, or by imprisonment not more than six months." (Sec. 2075.)

The defendant appealed to the circuit court and before the time for trial in that court filed the following petition:

"Now comes the above named defendant and states that he is a resident of Honolulu, City and County of Honolulu, Territory of Hawaii, and that he resides in and occupies a home on Hotel Street near Maunakea Street, in said City.

"That on or about the 18th day of October, A. D. 1914, certain officers of the Police Department of the City and County of Honolulu, unlawfully and without warrant or authority so to do, and against the will and consent of the petitioner herein, entered his room and dwelling place and seized certain shells and their contents, which said contents are alleged to be opium, and certain other articles alleged to be opium pipes, contained in said room and dwelling place; in violation of Articles 4 and 5 of the Amendment to the Constitution of the United States.

"That John W. Cathcart, City and County Attorney of the City and County of Honolulu, Territory of Hawaii, Arthur Mc-Duffie, Captain of Detectives of the City and County of Honolulu, Territory of Hawaii, and Charles H. Rose, Sheriff of the City and County of Honolulu, Territory of Hawaii, took the above described property so seized into their possession, and have failed and refused to return the same to this petitioner.

"That heretofore and on, to-wit, the 24th day of February, A. D. 1915, demand was made upon the said John W. Cathcart, Arthur McDuffie and Charles H. Rose to return to petitioner herein the said personal property so unlawfully seized, but to return the same or any portion thereof, the said John W. Cath-

cart, Arthur McDuffie and Charles H. Rose refused and still refuse, all of which appears by the Demand, a copy of which•is hereto attached and made part hereof.

"That said property is being unlawfully and improperly held by said Sheriff, City and County Attorney, and Captain of Detectives, in violation of petitioner's rights under the Constitution of the United States.

"That said City and County Attorney purposes to use the said personal property so taken from the petitioner as aforesaid . at the trial of the above entitled cause, and that by reason thereof and of the facts above set forth, petitioner's rights under the amendments to the Constitution of the United States aforesaid have been and will be violated unless the Court orders the return prayed for.

"Wherefore, petitioner prays that the said Sheriff, the said City and County Attorney, and the said Arthur McDuffie, Captain of Detectives, may be ordered and directed to return and deliver the said personal effects and property to petitioner herein."

At the hearing on this petition (February 24, 1915) the city and county attorney, on behalf of the Territory of Hawaii, interposed an oral demurrer to the sufficiency of said petition and the trial court reserved to the supreme court the question: "Should the demurrer to the petition be sustained."

The undisputed facts in this case are that on the 18th day of October, 1914, certain members of the police force of the city and county of Honolulu, Territory of Hawaii, entered the room of the defendant in Honolulu and took defendant into custody, at the same time taking from a table and from the drawer of a stand in said room certain shells and their contents, alleged to be opium, and certain pipes, alleged to be opium pipes, and having conducted defendant to the police station duly entered a charge against him for violating the provisions of Act 144 S. L. 1913 (Sec. 2075 R. L. 1915), by unlawfully having in his possession certain opium. Defendant was arrested without a warrant and the police officers did not have a search warrant. Defendant appeared in the police court on October 19, 1914, when

the above charge was entered against him. On October 21 defendant was tried for said offense by the district magistrate of Honolulu and upon such trial was convicted and sentenced to pay a fine of $50, costs being remitted.

Preliminarily it is contended by counsel for the Territory that the application for a return of the articles demanded is not seasonably made and that defendant has waived his right to such return (if any such right existed) by submitting to a trial in the district magistrate's court and permitting said articles to be introduced in evidence against him without objection. Assuming that these facts are properly before us, i. e., that the defendant did submit to a trial before the district magistrate and permit said articles to be introduced in evidence against him, without objection, although such facts do not appear from the petition, to a consideration of the allegations of which counsel for defendant claims we are limited, we are, nevertheless, of the opinion that the contention advanced by counsel for the Territory, that the application for the return of the articles demanded is not seasonably made, is without merit. On a general appeal to the circuit court from a judgment rendered by the district magistrate the case comes up *de novo* (*Jardin* v. *Madeiros*, 9 Haw. 503; *Territory* v. *Marshall*, 13 Haw. 85), and the fact that the defendant, before the district magistrate, may have permitted certain evidence to be received against him, without objection (if such be the fact), would in no wise prevent him from objecting to the admission of such evidence or raising a constitutional question as to its competency in the circuit court upon appeal. Counsel for petitioner cites and relies upon the case of *Weeks* v. *United States*, 232 U. S. 383. That case involved "the validity under the Fourth Amendment of a verdict and sentence and the extent to which the private papers of the accused, taken without a search warrant, can be used against him" (p. 384), and it was there held, quoting from the syllabus: "The federal courts cannot, as against a seasonable application for their return, in a criminal prosecution, retain for the pur-

poses of evidence against the accused his letters and correspondence seized in his house during his absence and without his authority by a United States marshal holding no warrant for his arrest or for the search of his premises."

We think the case at bar is clearly distinguishable from *Weeks* v. *United States*. In the last mentioned case a seizure had been made of private papers and other articles to be used as evidence against the defendant. The papers themselves were not, and so far as appears from the reported case none of the articles seized were, unlawful; all were the property of the defendant and rightfully in his possession. But in this case it appears from the allegations of the petition that the articles seized are *alleged* to be opium and opium pipes. In the absence of any denial on the part of the defendant that such articles are what they are alleged to be we must assume that the articles, the return of which is petitioned for, are in fact opium and opium pipes. The possession of opium is made a criminal offense under the laws of the Territory, as is also the smoking of opium (Sec. 2075 R. L. 1915).

There is no contention by the defendant in this case that his arrest without a warrant was without authority of law or that such arrest violated any constitutional right. Sections 3725, 3726 and 3731 of the Revised Laws of 1915 provide as follows:

"Whenever a crime is committed, and the offenders are unknown, and any person shall be found near the place where the crime was committed, either endeavoring to conceal himself, or endeavoring to escape, or under such other circumstances as to justify a reasonable suspicion of his being the offender, such person may be arrested without warrant." (Sec. 3725.)

"Policemen or other officers of justice, in any seaport or town, even in cases where it is not certain that an offense has been committed, may, without warrant, arrest and detain for examination such persons as may be found under such circumstances as justify a reasonable suspicion that they have committed or intend to commit an offense." (Sec. 3726.)

"Whenever it is necessary to enter a house to arrest an offender, and entrance is refused, the officer or person making the

arrest may force an entrance by breaking doors or other barriers. But before breaking any door, he shall first demand entrance in a loud voice, and state that he is the bearer of a warrant of arrest; or if it is in a case in which arrest is lawful without warrant, he must substantially state that information in an audible voice." (Sec: 3731.)

The right of a policeman to arrest without a warrant is not limited to felonies, and such right has been upheld by this court in *Provisional Government* v. *Caecires,* 9 Haw. 523, 528, where it was held that a police officer having information which caused him to believe that a certain person had opium in his possession, contrary to law, was justified in arresting such person without a warrant. We think the facts in this case are such as to bring it fairly within the principle laid down in the case of *Smith* v. *Jerome,* 93 N. Y. S. 202, where the court held that "The police may search the person of one lawfully arrested, and also the room or place in which he is arrested, and also any other place to which they can get lawful access, for articles that may be used in evidence to prove the charge on which he is arrested." The *Jerome* case was cited with approval by the circuit court for the southern district of New York, in *United States* v. *Wilson,* 163 Fed. 338, the court there, on page 343, referring to Mr. Justice Gaynor, the author of the opinion in the *Jerome* case, as one "who in his many decisions has held the police strictly accountable for their acts." In the case of *United States* v. *Mills,* 185 Fed. 318, the court says, on page 319: "From time immemorial an officer making a lawful arrest on a criminal charge has taken into his possession the instruments of the crime and such other articles as may reasonably be of use as evidence on the trial. A blood-stained knife or garment, a half-emptied phial of poison, a mask or disguise, counterfeit coins, plates for printing counterfeit notes, gambling devices, stolen property, and many other articles are thus seized every day on the person or the premises of the alleged criminal, and no one disputes the propriety of such seizure." This same distinction between articles lawfully in the possession of a de-

fendant at the time of his arrest and instruments or devices designed to be used in violation of law, or the possession of which is prohibited by law, is recognized in the *Weeks* case, where the court, after stating the facts, said:

"What, then, is the present case? Before answering that inquiry specifically, it may be well, by a process of exclusion, to state what it is not. It is not an assertion of the right on the part of the government, always recognized under English and American law, to search the person of the accused when legally arrested to discover and seize the fruits or evidences of crime. * * * 1 Bishop on Criminal Procedure, §211; Wharton Crim. Plead. and Practice (8th Ed.) §60; Dillon v. O'Brien and Davis, 16 Cox C. C. 245. Nor is it the case of testimony offered at a trial where the court is asked to stop and consider the illegal means by which proofs, otherwise competent, were obtained—of which we shall have occasion to treat later in this opinion. Nor is it the case of burglar's tools or other proofs of guilt found upon his arrest within the control of the accused. The case in the aspect in which we are dealing with it involves the right of the court in a criminal prosecution to retain for the purposes of evidence the letters and correspondence of the accused, seized in his house in his absence and without his authority, by a United States marshal, holding no warrant for his arrest and none for the search of his premises."

See also *United States* v. *Hart,* 214 Fed. 655, 662, a recent case decided by the district court N. D. N. Y., in which the *Weeks* case was cited and distinguished; *Boyd* v. *United States,* 116 U. S. 616, 625; *Adams* v. *New York,* 192 U. S. 585; *Board of Police Commissioners* v. *Wagner,* 93 Md. 182; *Spalding* v. *Preston,* 21 Vt. 10; *State* v. *O'Neil,* 58 Vt. 140, 163; *Mullen & Co.* v. *Moseley,* 13 Idaho 457.

In the absence of any showing by the defendant that the opium pipes, the return of which is demanded, are capable of being used for any lawful purpose, and as they are plainly articles or instrumentalities impressed with the characteristics of adaptation and intended use for purposes prohibited by law, to wit, the smoking of opium, we hold that all the articles, the re-

Territory v. Hoo Koon, 22 Haw. 597.

turn of which is demanded, should be treated as tools used for the perpetration or contemplated perpetration of crime (*United States* v. *Hart,* supra, 662), and that under the facts in the case the seizure thereof was not in violation of defendant's rights under the Fourth Amendment to the Constitution of the United States. The use of such articles as evidence will be determined on the trial on the facts disclosed.

For the reasons stated, the reserved question is answered in the affirmative.

*J. W. Cathcart, City and County Attorney (W. B. Lymer, Deputy City and County Attorney,* with him on the brief), for the Territory.

*R. W. Breckons* for defendant.