STATE OF HAWAII *v.* YVONNE PUANANI PARK.

No. 4615.

MARCH 22, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO,
ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY MIZUHA, J.

Defendant appeals from a conviction of a charge of unlawful possession of a narcotic drug. The sole question for decision in this case is whether the search of defendant-appellant's handbag in which marijuana cigarettes were discovered was incidental to a lawful arrest.

Officer Joseph Saromines, while assigned as an undercover police officer with the Honolulu Police Department, was an invited guest at 635 Ahakea Street. While at said address, he observed a gambling game in operation. Officer Saromines effected an arrest on all persons in a room at the above address for being present at a gambling game, at the same time when other officers entered the home and arrested the host and occupant of the premises under two warrants of arrest. Defendant was observed participating in the gambling game and was one among others who were arrested for being present at a gambling game. In the presence of the arresting officer, another officer searched the purse belonging to defendant for gambling paraphernalia and weapons and while doing so, the marijuana cigarettes were recovered.

A police officer may make an arrest without a warrant when the misdemeanor is committed in his presence. *Territory* v. *Hoo Koon*, 22 Haw. 597 (1915). The evidence is uncontroverted in this case that a gambling game was in operation and that the arresting officer observed the game and the participants. Defendant testified that she had fifty dollars worth of chips.

There is no question that there was probable cause to effect an arrest. *See Draper* v. *United States*, 358 U.S. 307 (1959); *Brinegar* v. *United States*, 338 U.S. 160 (1949). A contemporaneous search incidental to a lawful arrest may be made for the fruits of the crime, implements used to commit the crime and for weapons. *Weeks* v. *United States*, 232 U.S. 383 (1914); *Agnello* v. *United States*, 269 U.S. 20 (1925); *United States* v. *Robinowitz*, 339 U.S. 56 (1950); *Preston* v. *United States*, 376 U.S. 364 (1964).

An officer's right to search after a lawful arrest applies not only to felony arrests, but also applies to misdemeanor arrests where the accused is lawfully taken into custody. *United States* v. *Snyder*, 278 Fed. 650 (1922); *Davis* v. *United States*, 328 U.S. 582 (1946); *Cogdell* v. *United States*, 307 F.2d 176 (1962). In making a search after a lawful arrest, officers may seize evidence of a crime different from the offense for which the arrest was made. *Harris* v. *United States*, 331 U.S. 145 (1947); *Abel* v. *United States*, 362 U.S. 217 (1960).

We agree with the trial court that the search of defendant's handbag was proper under the circumstances, and that the marijuana cigarettes were admissible in evidence.

Judgment affirmed.

*John R. Desha, II* for defendant- appellant.

*Harold Fong* and *Victor Agmata, Jr.,* Deputy Prosecuting Attorneys (*John H. Peters,* Prosecuting Attorney with them on the brief) for plaintiff-appellee.