STATE OF HAWAII, Plaintiff-Appellee, *v.* STANLEY S. PESTANA, Defendant-Appellant

NO. 6006

JULY 26, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The defendant was convicted of a firearms violation. He appeals from the judgment and sentence of the trial court. At issue is whether the pistol which was recovered by the police as a result of a warrantless search of the defendant's vehicle should have been suppressed.

Officer Chong, while on evening motor patrol was leaving the Kam Shopping Center in his patrol car when he heard what sounded like a gunshot behind the Long's Drugs building. He immediately headed in that direction, meanwhile radioing for assistance. As Officer Chong approached the area behind Long's, he saw the defendant and two male companions near a Pontiac automobile parked in a driveway or ramp leading to the building. The defendant was shirtless and protruding above the waistband of his shorts was the butt of a gun. As Officer Chong came to a stop, he saw the defendant enter the Pontiac through the open right front door, sit down in the right passenger seat, and slouch over. He appeared to place an object under the seat of the car. He

then emerged from the vehicle and stood near the right front fender. The butt of the gun was no longer visible. In the interests of safety, Officer Chong waited in his patrol car and kept the defendant under constant observation until his backup unit arrived.

Shortly thereafter, assisting Officer Wong arrived at the scene. He saw the defendant shut the Pontiac's still open right front door and walk towards Officer Chong. Officer Wong got out of his vehicle and started to walk towards the defendant. As he did so, Officer Wong shouted to him. Officer Chong testified that he told Wong that a gun was involved and directed him to the placement of the firearm under the right front seat of the Pontiac. Officer Wong testified that he could only remember Chong telling him that the defendant had a gun.

Officer Wong then went to the Pontiac and opened the right front door. The defendant objected to any search of the automobile and pushed the door against Wong. A scuffle ensued which ended when Officer Chong went to Wong's assistance and helped subdue the defendant. Officer Wong then placed the defendant under arrest for harassment and turned back to the Pontiac. Under the right front seat where Officer Chong had seen the defendant place an object, Wong found a revolver with five shells in its chamber. Examination revealed that it had been recently fired.

The defendant concedes that Officer Chong would have been justified in searching under the right front passenger seat without a warrant after witnessing the defendant's conduct in the car. See State v. Delmondo, 54 Haw. 552, 512 P.2d 551 (1973); Carroll v. United States, 267 U.S. 132 (1925). He argues, however, that Officer Wong, who had not himself observed the defendant's conduct, did not have the same justification. We disagree.

Officer Wong did not engage in a general search of the defendant's automobile. He went directly to the spot where Officer Chong had seen the defendant place an object. There he found a revolver resembling the one Officer Chong had seen protruding from the defendant's waistband. The trial court, upon hearing the motion to suppress, specifically made

the factual determination that Officer Chong had directed his fellow officer to the exact location of the firearm. Such factual findings, on a motion to suppress, will not be set aside unless determined to be clearly erroneous. *United States v. Gaines,* 563 F.2d 1352, 1359 (9th Cir. 1977); *United States v. Griffin,* 555 F.2d 1323 (5th Cir. 1977); *United States v. Reynolds,* 532 F.2d 1150 (7th Cir. 1976).

Both officers were working together, and the recovery of the pistol by Officer Wong was made pursuant to Officer Chong's directions. Under these circumstances, the knowledge of Officer Chong will be imputed to Officer Wong. *State v. Pokini,* 45 Haw. 295, 367 P.2d 499 (1961); *State v. Barnes,* 58 Haw. 333, 568 P.2d 1207 (1977); *Williams v. United States,* 308 F.2d 326 (D.C.Cir. 1962); *State v. Mickelson,* 18 Or. App. 647, 526 P.2d 583 (1974).

Affirmed.

*Wayne D. Parsons,* Deputy Public Defender for defendant-appellant.

*Francis Yamashita,* Deputy Prosecuting Attorney for plaintiff-appellee.