LEROY HOMER STOUGH, Petitioner-Appellant, *v.* STATE
OF HAWAII, Respondent-Appellee

NO. 7276

OCTOBER 21, 1980

RICHARDSON, C.J., OGATA, MENOR,
LUM, NAKAMURA, JJ.

*Per Curiam.* Petitioner-appellant Leroy Homer Stough, an inmate of the Hawaii State Prison, was denied post-conviction relief under Rule 40, Hawaii Rules of Penal Procedure, by the circuit court of the first circuit. Petitioner's incarceration resulted from his plea of guilty to a charge of robbery in the second degree. In his petition, he claimed that his guilty plea was the result of ineffective assistance of counsel; therefore, it should be set aside and a new trial should be granted him because he was denied his constitutional right.[1] He appeals from the judgment denying relief. We have examined petitioner's argument and affirm the judgment of the court below.

I.

Petitioner contends that he was denied effective assistance of counsel at the time of his plea of guilty because his lawyer had failed to assert his constitutional right to be free from unreasonable searches and seizures; his lawyer had failed to file a motion to suppress evidence on his behalf on the basis of his illegal arrest, and that such failure was not the

---

[1] Sixth and fourteenth amendments, U.S. Constitution, and article I, section 14 (formerly section 11), Hawaii State Constitution.

result of informed judgment but was the result of his inadequate preparation — the failure to interview witnesses and to research the law.

In *State v. Kahalewai*, 54 Haw. 28, 501 P.2d 977 (1972), our first case dealing with the subject of the constitutional right to effective assistance of counsel, we enunciated the following standards:

> 1. The constitutional right to the assistance of counsel in a criminal case is satisfied only when such assistance is "effective."

> 2. "Effective" counsel does not mean errorless counsel but counsel whose assistance is "within the range of competence demanded of attorneys in criminal cases."

> 3. A primary requirement is that counsel must "conduct careful factual and legal investigations and inquiries with a view to developing matters of defense in order that he may make informed decisions on his client's behalf," both at pretrial proceedings and at trial.

We also stated and reiterated in *State v. Tyrrell*, 60 Haw. 17 at 30, 586 P.2d 1028 at 1036 (1978):

> In cases where the adequacy of counsel is in question, we must first examine the record with appellant's allegations in mind, to determine whether, viewed as a whole, the assistance provided appears to have been below the level of ordinary competence demanded of lawyers in criminal cases. If this examination shows that defenses crucial to appellant's case could have been, but were not raised, or that trial counsel inexplicably failed to assert appellant's constitutional rights, the case will be examined further to determine whether counsel's actions were the result of informed judgment or constitutionally inadequate preparation. The issue of informed judgment . . . is only relevant where the actions or inactions resulting from that judgment seem unreasonable. If this were not so, every criminal conviction would be vulnerable on appeal to the allegation or admission that trial counsel's choice of defenses or tactics, reasonable on the surface, had actually

been made in gross ignorance of important rules of law. . . .

In *State v. Torres*, 54 Haw. 502, 510 P.2d 494 (1973), we added that the appellate court should scrupulously review the record to determine whether, under all the circumstances, there was prejudice to the defendant amounting to an unconstitutional denial of the right to *effective* assistance of counsel. This court also spoke in terms of use of a balancing test; that the burden is upon the defendant to demonstrate actual, not speculative, prejudice.

Furthermore, in *State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978), *cert. denied*, 441 U.S. 961 (1979), McNulty contended that he was denied effective assistance of counsel at his trial because his appointed counsel was ignorant of the relevant case law which resulted in the jury being erroneously instructed as to the law and in counsel's knowing failure to adduce evidence crucial to and supportive to his (McNulty's) defense. We held that failure of counsel to assert every novel, albeit plausible, legal theory in the defense of an accused does not in itself reflect his ignorance of the law, and the decision to call or not to call a witness in a criminal trial is normally a matter within the judgment of counsel and will rarely be second-guessed by judicial hindsight. We concluded that we cannot say that counsel's work was outside "the range of competence demanded of attorneys in criminal cases," citing *State v. Kahalewai, supra*.

We held in *State v. Antone*, 62 Haw. 346, 615 P.2d 101 (1980), that the burden of establishing ineffective assistance of counsel is two-fold: First, the appellant must establish specific errors or omissions of defense counsel, reflecting counsel's lack of skill, judgment or diligence. Second, the appellant must establish that these errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. And where an appellant successfully meets these burdens, he will have proven the denial of assistance "within the range of competence demanded of attorneys in criminal cases." A finding of ineffective assistance of counsel mandates reversal of conviction.

## II.

The trial court's factual findings will not be set aside unless determined to be clearly erroneous. *State v. Pestana,* 59 Haw. 375, 581 P.2d 758 (1978). Such issues as the credibility of witnesses and the weight of evidence are within the province of the trial judge. *Keller v. La Rissa, Inc.,* 60 Haw. 1, 586 P.2d 1017 (1978).

In the instant case, the trial court after conducting a full hearing found that, in pleading guilty, petitioner understood the charge against him; that he understood the nature and effect of the guilty plea and the possible consequences thereof; that he knew he was waiving whatever constitutional rights he was entitled to; that he acknowledged that in exchange for his guilty plea, the prosecuting attorney would make no recommendation on sentencing; and the petitioner entered such plea voluntarily and with a full understanding of the charge against him. The court further concluded:

> The attorney who represented Petitioner in the case (that is Cr. No. 47812) took the stand and denied nearly all of the Petitioner's testimony. Based on the testimony and the documentary evidence, I conclude that the Petitioner's claims have not been proven or have been refuted, and that only one is really worthy of discussion herein. The Court does conclude that, based upon the police report, the Defense could have made a very good (whether successful or not, I can't say) issue and fight on the matter of the legality of Petitioner's arrest. The validity of the police officer's entry into the apartment, and the seizure of the Defendant were questionable. But I cannot say that the fact that Petitioner's counsel failed to file a Motion to Suppress on the issue means that the Court should set aside the conviction for inadequacy of counsel. Perhaps I can safely state that most experienced criminal attorneys would have filed such a motion, but this does not warrant the relief prayed for because of the following reasons:

> The Petitioner in this case was admittedly a heroin addict who needed to rob and steal to supply his habit. He

had admitted to his counsel that he had committed robbery, and his counsel was aware that the victim had unhesitatingly identified the Petitioner as the robber at the Preliminary Hearing. It was also clear from the record that both the Petitioner and his counsel together had more in mind than just beating this one case. The Defendant himself projected to the Judge at the sentencing and to social agency personnel at the jail a strong desire to free himself from his drug habit and make a new man of himself. It appears that both (Petitioner and his then attorney) directed their major efforts toward getting the lightest sentence possible. In getting a light sentence they failed, but they did not then know they would fail. While a number of counsel would have tried both the Motion to Suppress and the reformative plus light sentence angles, I cannot honestly conclude that counsel's choice of courses of action in this case amounts to a constitutional inadequacy of counsel. Counsel do not all listen to the same drummer.

We conclude from the foregoing statements that the trial court was not convinced that trial counsel's representation of petitioner at trial was outside the range of competence demanded of attorneys in criminal cases.

We have reviewed the record and have concluded that petitioner has failed in his burden to show actual prejudice and has failed to meet his burden of establishing that he was denied effective assistance of counsel. As the trial court stated, a motion to suppress could have been filed on petitioner's behalf, but this failure alone does not give rise to ineffective assistance of counsel. The success of the motion appears questionable. Even had the motion been successful, its ultimate effect upon the trial would have likewise been questionable in view of the unequivocal identification incriminating petitioner as the person who committed the robbery. As the trial court correctly pointed out, petitioner's counsel had other strategic reasons to be concerned with. It is not for this court to second-guess those reasons. We conclude, therefore, that trial counsel's representation of

petitioner at trial was not outside the range of competence demanded of attorneys in criminal cases.

Accordingly, the judgment is affirmed.

*Richard K. Perkins*, (on the opening brief only) for petitioner-appellant.

*Lionel t. Oki*, Deputy Public Defender, for petitioner-appellant.

*Gail M. Kang*, Deputy Prosecuting Attorney, for respondent-appellee.