STATE OF HAWAII, Plaintiff-Appellant, *v.* KENNETH
ROOSEVELT JOYNER, JR., Defendant-Appellee

NO. 8570

(CRIMINAL NO. 55643)

SEPTEMBER 9, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND ASSOCIATE JUDGE HEEN
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY LUM, C.J.

The State appeals from the trial court's pretrial order suppressing evidence discovered in a search and seizure of a brown vinyl bag belonging to defendant. We affirm the judgment below on the grounds that defendant had a reasonable expectation of privacy in the bag, and that the warrantless search thus violated his constitutional right to be free from unreasonable searches and seizures.

## I.

### A.

In execution of a warrant to search for gambling devices, police officers entered a bathhouse located in the Chinatown district in the early morning hours of January 23, 1981. Upon entering a sauna room which was part of the bathhouse, the officers recognized the smell of burning marijuana. Four men, including defendant, were in the sauna room. A patdown of one of these men uncovered two bags of marijuana; this man was then placed under arrest. The defendant was also patted down and asked his name and address.

A brown vinyl athletic bag was located one to two feet away from defendant. One of the officers asked the four men in general whose bag it was, and no one responded. The same officer then looked into the unzipped bag, where he found a zipped clutch purse. He opened the purse and found two folded wallets, inside of which were discovered marijuana and cocaine. The clutch purse also contained several forms of identification, including a driver's license, with the defendant's name and picture on them. Defendant was arrested and charged with possession of detrimental drugs.

### B.

Defendant filed a pretrial motion to suppress the marijuana and cocaine, arguing that the search was an unreasonable invasion of his right of privacy. The State's counter-argument was that defendant had no standing to object to the search of the bag and seizure of the drugs, because he effectively abandoned it when he failed to acknowledge its ownership and, therefore, he had no expectation of privacy in the bag or its contents.

The trial court granted the defendant's motion to suppress, finding as a matter of fact that the bag had not been abandoned by defendant, since it was at all times within his immediate physical proximity and there were items in the bag indicating it belonged to him. The court concluded as a matter of law that: (1) defendant had standing to raise fourth amendment claims of an unreasonable search and seizure; (2) he had a reasonable

expectation of privacy in the bag; and (3) the warrantless search of the bag could not be justified under any of the exceptions to the warrant requirement, and was thus unconstitutional.

The State's motion for reconsideration was denied by the trial court for the above reasons.

## II.

### A.

The dispositive issue on this appeal is whether the trial court correctly found that defendant did not abandon his brown vinyl bag. We note at the outset of our discussion that findings of fact on a motion to suppress will not be set aside on appeal unless they are determined to be clearly erroneous. *Stough v. State,* 62 Haw. 620, 618 P.2d 301 (1980); *State v. Pestana,* 59 Haw. 375, 581 P.2d 758 (1978). Our review of the record gives us no cause to make such a determination here: the defendant did not actively discard the bag or expressly disclaim its ownership; rather, he merely remained silent when the police officer asked if any of the four men in the sauna room owned the bag. To equate a passive failure to claim potentially incriminating evidence with an affirmative abandonment of property would be to twist both logic and experience in a most uncomfortable knot.

The record in this case also reveals that the bag was found next to the defendant, one to two feet away "at most," whereas the other three men in the sauna room were some six to eight feet away. Under these circumstances we cannot say the trial court was clearly erroneous in finding there existed "indicia of ownership" on the defendant's part, and that he therefore did not abandon the bag. *See generally State v. Nabarro,* 55 Haw. 583, 588, 525 P.2d 573, 577 (1974) (fact that purse was in defendant's "immediate vicinity" was indicative of her ownership).

### B.

Having concluded the trial court did not clearly err in

finding no abandonment, we have no problem in holding as a matter of law that defendant retained a reasonable expectation of privacy in the bag. It bears noting that the bag was a vinyl athletic bag commonly used as a repository for personal effects. Moreover, the police officer did not limit his search to an opening of the bag: upon discovering a zipped clutch purse inside, he proceeded to open that, finding within two folded wallets. Only after opening the wallets did the officer discover the evidence.

This veritable Easter egg hunt was conducted without a warrant, and on appeal, the State does not challenge the lower court's ruling that none of the exceptions to the warrant requirement were applicable. We hold, then, that the search was in violation of article I, § 7 of our state constitution, which provides: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches, seizures, and invasions of privacy shall not be violated. . . ." *Cf. State v. Jenkins,* 62 Haw. 660, 619 P.2d 108 (1980) (illegal search of knapsack); *State v. Rosborough,* 62 Haw. 238, 615 P.2d 84 (1980) (illegal search of footlocker); *State v. Kaluna,* 55 Haw. 361, 520 P.2d 51 (1974) (illegal search of small packet found in defendant's undergarments).[1]

Affirmed.

*Glenn Grayson* (*Arthur E. Ross* with him on the briefs), Deputy Prosecuting Attorney, for plaintiff-appellant.

*Rai Saint Chu* for defendant-appellee.

---

[1] This conclusion obviates the need to address the standing issue: that is, whether all defendants charged with possession should be accorded "automatic standing" to raise claims of an unreasonable search and seizure, or whether the defendants must prove standing by showing their own constitutional rights were violated. *See generally State v. Dias,* 52 Haw. 100, 104-05, 470 P.2d 510, 513 (1970). The reason it is unnecessary is that, under either approach, the critical inquiry is the same: namely, whether the defendant had a reasonable expectation of privacy in the area searched — in this case, the brown vinyl bag. Since we have answered this question in the affirmative, we need not, and do not, address this standing issue.