STATE OF HAWAII, Plaintiff-Appellant, *v.* RUDOLPH WONG, JR., Defendant-Appellee

NO. 9785

(CRIMINAL NO. 58668)

OCTOBER 29, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* Appellant State of Hawaii appeals a circuit court order suppressing the use of certain contraband as evidence against Defendant-Appellee Rudolph Wong, Jr. The State asserts that the

Circuit Court of the First Circuit erred in finding that the police's optically aided surveillance of the activities inside Wong's automobile violated his reasonable expectation of privacy. The State also cites as error the court's finding that the police unreasonably seized and searched a paper bag and a black handbag containing contraband located in the vehicle. We reverse in part and affirm in part.

I.

On February 23, 1983 at 11:20 p.m., Police Officer Russell Shindo was conducting a routine area check of the parking lot at Kamehameha Shopping Center. His attention was drawn to a white Plymouth automobile and a pickup truck parked in front of Star Supermarket because the shopping center was closed and the Plymouth's interior lights were on. From a vantage point forty yards away,[1] Officer Shindo observed Appellee Wong in the driver's seat of the Plymouth with another man in the passenger seat. Using a pair of Bushnell binoculars, Shindo saw them passing a paper bag between them. He also saw Wong remove a clear plastic bag, which appeared to contain marijuana, from the paper bag and pass it to the passenger. The passenger held the plastic bag up to the vehicle's interior light to examine it. Three such plastic bags were examined in this manner. Officer Shindo testified that he had a clear view to observe the foregoing activities because the Plymouth's passenger door was open and its interior was illuminated by its interior lights and the parking lot lights. The officer further testified that from his vantage point, he could not have observed these activities without the binoculars.

The passenger then alighted from the Plymouth with one of the plastic bags in his hand and got into the pickup truck. Meanwhile, Officer Shindo observed Wong return the other plastic bags into the paper bag and place it behind the passenger seat. Officer Shindo followed the Plymouth out of the lot and, never losing sight of it, pulled it over on Likelike Highway just mauka of School Street. He explained to Wong that the stop was based on his observations of the occurrences in the parking lot and requested Wong's identification and driver's license.

---

[1] While the trial court found that Officer Shindo was forty feet from Wong's vehicle, the officer testified that he was forty yards away.

Upon request, Wong stepped out of the car onto the curb. At this time, Officer Keith Lima arrived on the scene.

Officer Shindo then observed the paper bag on the floor behind the passenger seat and retrieved it. He opened the bag and found three plastic bags containing marijuana. Wong was then placed under arrest for promoting detrimental drugs.

While Officer Lima transported Wong back to the shopping center parking lot, Wong spontaneously stated that he had a vial of cocaine in his handbag. Officer Lima related this to Officer Shindo who had driven Wong's car back to the parking lot.

While securing Wong's car, Officer Shindo removed the handbag from the front seat. Without obtaining a warrant, Officer Shindo unzipped the handbag and found a sealed bag of marijuana and a vial which appeared to contain cocaine. Wong was then arrested for promoting a dangerous drug.

On May 4, 1983, a grand jury indicted Wong for Promoting a Detrimental Drug in the Third Degree, HRS § 712-1249 (1976), and Promoting a Dangerous Drug in the Third Degree, HRS § 712-1243 (1976).

## II.

The State contends that the trial court erred in concluding that Wong sufficiently exhibited a reasonable expectation of privacy in the activities occurring in his car and that Officer Shindo's use of binoculars to view these activities constituted an unreasonable search.

In *State v. Ward*, 62 Haw. 509, 617 P.2d 568 (1980), we held that optical aids in the nature of binoculars are not itself determinative of the admissibility in evidence of the product of the observation but the primary determinative factor is the presence or absence of a reasonable expectation of privacy of the person whose conduct is being observed.

We have repeatedly held that an area in which an individual has a reasonable expectation of privacy is protected by the Fourth Amendment of the United States Constitution and article I, § 7 of the Hawaii State Constitution and the police cannot search that area absent a warrant. *State v. Stachler*, 58 Haw. 412, 416, 570 P.2d 1323, 1326 (1977). This expectation of privacy, however, is diminished with regard to automobiles. *See State v. Jenkins*, 62 Haw. 660, 663, 619 P.2d 108, 111 (1980). Furthermore, no expectation of privacy exists when the individ-

ual exposes his actions in open view to the general public. *State v. Kaaheena,* 59 Haw. 23, 28, 575 P.2d 462, 466 (1978); *State v. Stachler,* 58 Haw. at 416, 570 P.2d at 1326-27.[2]

We conclude that the activities occurring in Wong's parked vehicle was not entitled to constitutional protection and therefore, the use of the binoculars by the police was not unreasonable. The activities occured in a place repeatedly held to have a diminished expectation of privacy, an automobile parked in a parking lot which is open to the general public. The passenger door to the automobile was left open and the vehicle's interior was illuminated by its interior lights and the parking lot lights. Finally, there is nothing in the record to show that Wong took any precautions to shield his activities from the view of the general public. In light of these facts, we are unpersuaded by Defendant Wong's argument that he is entitled to constitutional protection because he conducted his activities late at night when the shopping center was closed and vehicle traffic would be almost non-existent.

Since we conclude that Officer Shindo had the right to view the activities within the automobile, the paper bag in which the marijuana was placed had no greater protection than what was legally observed. Hence, it was lawful for the officer to seize the contraband therein. *See United States v Gibson,* 636 F.2d 761 (D.C. Cir. 1980).

III.

With respect to the contraband found in the black handbag, we agree with the State that the police may secure the handbag for safekeeping purposes. *See State v. Ching,* 67 Haw. 107, 112, 678 P.2d 1088, 1093 (1984). However, the warrantless search of the handbag was unreasonable. Once the police gained exclusive control over the handbag, they should have obtained a search warrant before searching it. *See State v. Jenkins,* 62 Haw. 660, 665, 619 P.2d 108, 112 (1980); *accord, State v. Joyner,* 66 Haw. 543, 669 P.2d 152 (1983) (illegal search of athletic bag and purse); *State v. Rosborough,* 62 Haw. 238, 615 P.2d 84 (1980)

---

[2]"What a person knowingly exposes to the public, even in his own home or office, is not subject to Fourth Amendment protection." *State v. Stachler,* 58 Haw. at 416, 570 P.2d at 1326, quoting *United States v. Katz,* 389 U.S. 347, 351 (1967).

(illegal search of footlocker); *State v. Kaluna,* 55 Haw. 361, 520 P.2d 51 (1974) (illegal search of small packet found in defendant's undergarments).

The State argues that, under *United States v. Ross,* 456 U.S. 798 (1982), Officer Shindo could lawfully search any container found within Wong's automobile. This reliance on *Ross* is misplaced. *Ross* requires the police officer to have probable cause to search the entire vehicle before any search may be conducted of any container found therein. We need not reach the issue of *Ross* in this case. There is no evidence that Officer Shindo had probable cause to search the entire vehicle. In fact, Officer Shindo himself testified that he did not search the entire vehicle because there was no indication that more contraband was concealed.

We find no merit to the State's other contentions.

### IV.

Accordingly, the trial court's suppression of the cocaine and marijuana found in Wong's handbag is affirmed. The suppression of the marijuana found in the paper bag, however, is reversed.

The case is remanded for action consistent with this opinion.

*Pamela E. Tamashiro,* Deputy Prosecuting Attorney. for Plaintiff-Appellant.

*Richard Pollack (Bode A. Uale* with him on the brief), Deputy Public Defenders, for Defendant-Appellee.