STATE OF HAWAII, Plaintiff-Appellant *v.* KERRY LANE WILEY, Defendant-Appellee

NO. 12152

(CRIMINAL NO. 86-1377)

MARCH 29, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This appeal by the State of Hawaii raises the question of whether, in the absence of exigent circumstances, state officers[1] are required to obtain a warrant before searching a pillow taken from the possession of a defendant who has already been placed under arrest. Finding the warrantless search of the pillow unreasonable, in that the search violates article I, section 7 of the Hawaii Constitution, we answer the question in the affirmative and uphold the order of the circuit court suppressing the contraband retrieved from it.

I.

On November 17, 1986, Defendant Kerry Lane Wiley, arrived at Honolulu International Airport from San Francisco. After collecting his luggage, Defendant attempted to re-enter a secured area to rest. At the security checkpoint, Defendant placed three pieces of luggage on the conveyor belt and informed a guard that he had declaration tags for two handguns which had been registered with Continental Airlines. He was unaware of the fact that such handguns, whether registered or not, were not permitted in the secured area. Another guard then asked Defendant whether he possessed any other weapons or ammunition. Although Defendant was cooperative, he indicated an unwillingness to have his luggage searched, stating "if there is going to be a problem . . . I will gladly leave." A third guard began to search for additional weapons based upon the presence of unidentified objects on the security x-ray screen when Honolulu Police Department officers arrived.

Without a warrant, the security guards searched Defendant's belongings, including an ammunition box, and discovered several clear plastic bags filled with marijuana. Defendant was placed under arrest and handcuffed at this time. The circuit court allowed

---

[1] Although the search in question was conducted by a private security company, it is not disputed that the search, conducted on behalf of the State, constituted "state action." *See Nakamoto v. Fasi*, 64 Haw. 17, 18 n.1, 635 P.2d 946, 949 n.1 (1981).

the State to introduce this evidence in its prosecution of Defendant for Promoting a Detrimental Drug in the First Degree in violation of Hawaii Revised Statutes (HRS) § 712-1247(1)(e). However, the court did not allow the introduction of evidence of contraband recovered from other items searched, including newspaper-wrapped packets, a shoe, and a pillow. The court determined that Defendant had a reasonable and legitimate expectation of privacy in each of these items, and therefore, as closed containers, they could not be searched unless justified by some exception to the search warrant requirement.

The State appeals the suppression of the evidence retrieved from only the pillow. At the time the interior of the pillow was searched, Defendant had already been placed under arrest, and his belongings were under the control of law enforcement officers.

## II.

The well-established rule in this jurisdiction is that warrantless searches are presumptively unreasonable unless they fall within one of the carefully defined exceptions. *State v. Jenkins,* 62 Haw. 660, 619 P.2d 108 (1980); *State v. Kender,* 60 Haw. 301, 588 P.2d 447 (1978); *State v. Kaluna,* 55 Haw. 361, 520 P.2d 51 (1974). A recognized exception to this rule arises when the investigating officer has probable cause and exigent circumstances exist, however, exigency must be determined on a case by case basis. *State v. Jenkins, supra; State v. Elliot,* 61 Haw. 492, 605 P.2d 930 (1980).

Because Defendant was already under arrest and his belongings safely immobilized under the control of law enforcement officers, the State fails to show that exigent circumstances existed when the pillow was searched. *See State v. Rosborough,* 62 Haw. 238, 615 P.2d 84, *reh'g denied* 62 Haw. 689, 615 P.2d 84 (1980). We stated in *Rosborough* that "when no exigency is shown to support the need for an immediate search, the Warrant Clause places the line at the point where the property to be searched comes under the exclusive dominion of police authority." (Citations omitted). *Id.* at 244, 615 P.2d at 88. Therefore, the warrantless search of the pillow became unreasonable once it was placed under the complete control of the law enforcement officers.

### III.

The State attempts to justify the warrantless search of the pillow as reasonable on the basis that it was made pursuant to an airport security search. Their argument fails, however, because once a defendant is placed under arrest, and his belongings relinquished to police control, the justification for an airport security search cannot be used to circumvent the well-established constitutional protections of search and seizure law.

In *Nakamoto v. Fasi,* 64 Haw. 17, 635 P.2d 946 (1981), we acknowledged the viability of limited airport searches based on the concern for public safety posed by the introduction of inherently lethal weapons to air travel. We were careful to point out, however, that although the government is not restricted from adopting "reasonable measures to protect its citizenry[,] . . . the interference to which an individual's liberty and privacy are exposed must be limited to the very minimum necessary to accomplish the governmental objective." *Id.* at 24, 635 P.2d at 953. In recognizing the narrow scope of such a search, we also opined that "[t]he degree to which a citizen may be required to relinquish a constitutional right, in the interest of public safety, must be commensurate with the extent and nature of the threatened harm upon which the government relies to justify the infringement." *Id.* at 25, 635 P.2d at 953.

Although the threatened harm of air piracy justifies limited administrative airport screenings, the reasonableness of such screenings is predicated upon the imminent danger of such a threat. Once a potential perpetrator is arrested and the threat of hijacking averted, this public safety purpose is served, and its policy cannot justify any further infringement of an individual's right to be free from unreasonable searches.

### IV.

Finally, the State contends that once Defendant placed his luggage on the conveyor belt, he impliedly and irrevocably consented to the warrantless search. We do not believe that by submitting his luggage to an airport screening search, Defendant irrevocably re-

linquished his constitutional right to be free from unreasonable searches that fall outside the limited scope of such a screening.

## V.

Because administrative airport searches are limited in scope to only that which is necessary to serve public air safety, under the facts of this case, we find the warrantless search of Defendant's pillow unreasonable. Once Defendant was placed under arrest, and his belongings placed under the complete control of law enforcement officers, any further search was required to meet the constitutional provisions of the warrant requirement or fall within one of its exceptions. Therefore, the circuit court's order suppressing the use of contraband recovered from the search of the pillow as evidence is affirmed.

*Alexa D. M. Fujise,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Travis J. L. Stephens, Jr. (James D. Comack* with him on the brief; of counsel, *Comack, Kiuchi & Nakamoto),* for defendant-appellee.