STATE OF HAWAII, Plaintiff-Appellee, *v.* RICHARD K. GOODWIN, Defendant-Appellant

NO. 12188

(CASE NO. 6A OF 4/27/87, HPD NO. R93455)

APRIL 5, 1988

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Defendant Richard K. Goodwin (Goodwin) appeals the April 27, 1987 judgment convicting him of carrying a deadly weapon in violation of Hawaii Revised Statutes (HRS) § 134-51. Goodwin contends that the lower court erred when, on September 5, 1986, it denied his motion to suppress the deadly weapon as evidence. He contends that the deadly weapon was discovered as a result of a seizure and search of his backpack that violated his rights under the

United States and Hawaii Constitutions. We decide this case only under art. 1, § 7 of the Hawaii Constitution and agree that the deadly weapon was identified as a result of an unconstitutional search. Therefore, we vacate the April 27, 1987 judgment of conviction.

On May 12, 1986, at approximately 10:53 p.m., while Police Officers Quinata, Yamashiro, and Matthews were reconnoitering the Ala Moana Beach Park area for criminal activity, Officer Yamashiro arrested Goodwin and his companion Clyde Levi (Levi) for possessing marijuana and drinking beer while sitting "on the concrete retaining wall at the mauka edge of the beach, which is located makai [toward the ocean] of Ala Moana Beach Park Drive". Officer Matthews asked Goodwin and Levi whether a 1972 Toyota parked 15 feet mauka (toward the mountain) of them belonged to one of them. Levi indicated that the automobile was his and asked Officer Matthews to lock it for him. Officer Matthews "took Levi with [him] to the vehicle", opened its right front passenger door, sat on the passenger seat, and, while rolling up the windows and checking the interior for valuables, noticed a blue nylon backpack on the right front floorboard area. He picked up the backpack and asked Levi whether it was his and whether he wanted it taken to the police station. Goodwin, who was still sitting on the wall, responded that the backpack was his and asked the officer not to charge Levi for its contents. While handling the backpack, Officer Matthews felt in it a hard cylindrical object, four to six inches in length. His first thought was that the object was a pistol barrel. Being concerned that Levi and Goodwin were nearby and not handcuffed and that the object was a firearm that might discharge, Officer Matthews opened the backpack. He then determined that the object was a blackjack, about nine inches long.[1] Goodwin's pretrial motion to suppress the blackjack as evidence on the ground that it was identified as a result of an illegal search was denied on September 5, 1986.

---

[1] HRS § 134-51 (1985) provides in relevant part as follows:

Carrying deadly weapons; penalty. Any person not authorized by law, who carries concealed upon one's person or within any vehicle used or occupied by the person, or who is found armed with any dirk, dagger, blackjack, slug shot, billy, metal knuckles, pistol, or other deadly or dangerous weapon, . . . may be immediately arrested without warrant[.]

At the April 27, 1987 trial, Goodwin's only objection to the introduction of the blackjack in evidence was based on the prosecution's alleged failure to establish the chain of its custody. At the close of the State's case-in-chief, Goodwin moved for a judgment of acquittal on the ground, *inter alia,* that the evidence of the blackjack, which was crucial to the State's case, was discovered as a result of an illegal seizure and search of his backpack. The trial judge denied the motion on the ground, *inter alia,* that the September 5, 1986 denial of Goodwin's motion to suppress the blackjack as evidence was the law of the case.[2]

In its answering brief, the prosecution argues that Goodwin's failure at trial to object to the introduction of the blackjack in evidence on the same ground urged in his pretrial motion to suppress precludes him from appealing the September 5, 1986 denial of his motion to suppress and that the September 5, 1986 denial is the law of the case. We disagree. Generally, a denial of a pretrial motion to suppress is sufficient to preserve for appeal the issue presented even though the issue is not again raised at trial. *See* 3 C. Wright, *Federal Practice and Procedure* § 678 (1982). This not being the exceptional case, Goodwin's appeal of the April 27, 1987 judgment of conviction allows him to challenge the lower court's September 5, 1986 denial of his motion to suppress the blackjack as evidence.

In our view, Officer Matthews' initial seizure of the backpack was necessary and lawful. The dispositive issue is whether his search of the backpack was necessary and lawful. Our answer is no.

In *State v. Paahana,* 66 Haw. 499, 666 P.2d 592 (1983), the Hawaii Supreme Court stated that a contemporaneous search incident to a lawful arrest may be made of the arrestee's person and the area within his immediate control for (a) the fruits of the crime, (b)

---

[2] The phrase "law of the case" refers to the principle that an appellate court's decision in a case, unless properly set aside, is controlling at all subsequent stages of the litigation of that case. 5 Am. Jur. 2d *Appeal and Error* § 744 (1962). This is a rule of law.

The phrase "law of the case" has also been used in discussing, *inter alia,* the question whether a trial court judge is bound to follow a prior interlocutory decision of fact or law made in the same case by another judge of the same court. *Id.* This is a rule of practice based on considerations of efficiency, courtesy, and comity. *Wong v. City and County of Honolulu,* 66 Haw. 389, 665 P.2d 157 (1983); *Gallas v. Sanchez,* 48 Haw. 370, 405 P.2d 722 (1965); Annot., 132 A.L.R. 14-89 (1941).

instrumentalities used to commit the crime, (c) weapons and (d) property that can be used to facilitate escape. To this list we suggest adding (e) property that could cause harm without any intervention by persons present.

*State v. Kaluna,* 55 Haw. 361, 520 P.2d 51 (1974), is authority for the principle that a contemporaneous search incident to a lawful arrest may be made only if it is reasonable to suspect that any of the above-named items are located on the arrestee's person or in the belongings in his possession.[3]

*State v. Wong,* 68 Haw. ____, 708 P.2d 825 (1985) is authority for the rule that once the police gain exclusive control of an arrestee's handbag they need a valid search warrant to lawfully search it. *State v. Wiley,* 69 Haw. ____ (No. 12152, March 29, 1988), is authority for the same rule with respect to an arrestee's pillow.

Here, the search was of a backpack that was not in Goodwin's possession but in Officer Matthews' possession. The prosecution attempts to justify the search of the backpack as I) a lawful search for contraband other than items (a) through (d) as stated above or II) a lawful protective search as authorized by *State v. Oritz,* 67 Haw. 181, 683 P.2d 822 (1984), for (c) weapons and (d) property that could be used to facilitate escape.

I.

Even assuming Officer Matthews had probable cause to believe that the backpack contained such contraband, he was not on that basis authorized to conduct a warrantless search of the backpack for it. *State v. Wiley, supra; State v. Wong, supra; State v. Jenkins,* 62 Haw. 660, 619 P.2d 108 (1980).

II.

In *Ortiz,* the Hawaii Supreme Court held that a police officer's right incident to a valid investigative stop to make a protective

---

[3] Query whether this principle was subsequently liberalized with respect to pat-down searches for weapons and property that can be used to facilitate escape. *See State v. Enos,* 68 Haw. ____, 720 P.2d 1012 (1986); *State v. Barrett,* 67 Haw. 650, 701 P.2d 1277 (1985).

search for weapons authorized the officer to open and search the stopped person's knapsack that was in the police officer's exclusive control when it was searched. The search was valid because the officer had an objectively reasonable belief that a search of the knapsack was necessary for his own protection. That belief was based on the following facts: 1) When the officer asked the owner of the knapsack what was in the knapsack, the owner responded "[n]othing" and grabbed for the knapsack; 2) the officer was alone with the owner of the knapsack; 3) it was late at night; 4) the officer had no idea whether the owner had a hidden confederate who might suddenly appear; 5) after feeling what seemed like the butt of a gun, the officer had a strong firsthand suspicion that the knapsack contained a gun; and 6) since returning the knapsack to its owner would place the officer's life in danger, the officer had no reasonably safe alternative but to open the knapsack and search it. In other words, exigent circumstances authorized the search.

*Ortiz* involved an investigative stop. Goodwin's case involves an arrest. The dispositive facts are that Goodwin's backpack was initially in Levi's automobile and thereafter in Officer Matthews' sole possession. Under the circumstances, Officer Matthews had available to him alternative courses of action that would preclude Goodwin and Levi from using the backpack or its contents to harm him or his fellow officers or to facilitate their escape.

Absent contrary instructions from Goodwin, the alternatives available to Officer Matthews were to 1) lock the backpack in the trunk or passenger compartment of Levi's automobile, or 2) take it with Goodwin and Levi to the police station. Since Officer Matthews had exclusive control of the backpack and had reasonable nondangerous alternatives with respect to its disposition, the facts did not necessitate or authorize his warrantless search of the backpack. In fact, opening the backpack enhanced whatever remote opportunity there was for Levi or Goodwin to use its contents to harm Officer Matthews and his fellow officers or to facilitate their escape.

## CONCLUSION

Accordingly, we reverse the September 5, 1986 denial of Goodwin's motion to suppress the blackjack as evidence; vacate the

266

April 27, 1987 judgment of conviction; and remand for further proceedings consistent with this opinion.

*Daphne E. Barbee* for defendant-appellant.

*Lila B. LeDuc,* Deputy Prosecuting Attorney, for plaintiff-appellee.