559 A.2d 947

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Providence RODRIQUEZ.**

Superior Court of Pennsylvania.

Argued March 30, 1989.

Filed June 12, 1989.

Deborah Fleisher, Assistant District Attorney, Philadelphia, for Com., appellant.

Elizabeth A. Savitt, Philadelphia, for appellee.

Before MONTEMURO, TAMILIA and MONTGOMERY, JJ.

TAMILIA, Judge:

This is a timely appeal by the Commonwealth of a trial court Order granting appellee's motion to suppress physical evidence recovered during a warrantless search. The Commonwealth has properly certified the pre-trial suppression Order substantially handicaps the prosecution of this case, making this appeal a proper appeal from a final Order of court. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

On January 28, 1988 at 1:00 p.m. two Philadelphia police officers were conducting an undercover narcotics investigation. While driving down the street the officers observed appellee and another woman, Elida Santiago, on a sidewalk with appellee yelling "White tape, white tape," which phrase indicated they were selling cocaine in bags sealed with white tape. The officers pulled up and Santiago approached to ask what they wanted. They handed her a prerecorded $20 bill and she gave it to appellee who entered 645 West Shiller Street after unlocking the door by using a key. Appellee reappeared within seconds and handed two bags to Santiago who then gave them to the officers. The officers kept the smaller $20 bag and returned the larger bag. After driving away, the officers field tested the substance in the bag and confirmed it was cocaine. The officers returned to the place of sale with other officers in a marked police car and approached appellee, who dropped the keys to the house when she saw them approaching her. As appellee was placed under arrest, two officers went to the house and inspected the premises through the windows of the house and concluded the house was abandoned because no curtains, window shades, or furniture could be seen. They entered with the keys appellee had dropped and discovered 93 bags of cocaine sealed with white tape, weigh-

ing a total of two pounds. The prerecorded $20 bill was also retrieved inside the house.

The Commonwealth's sole issue on appeal is whether the warrantless search of the house was legal under the circumstances, requiring reversal of the trial court's suppression Order. The Commonwealth argues that because the evidence established appellee did not own nor live in the vacant house in which the drugs were found and had abandoned the key which gave entry to the house just prior to her imminent arrest, the subsequent warrantless search was not an unreasonable governmental intrusion into any legitimate expectation of privacy. The Commonwealth urges the storing of narcotics in a vacant property without permission of the owner or anyone else authorized to allow entry does not establish a constitutionally protected right to privacy of possessions placed therein which would give rise to reasonable expectations that police would not enter the vacant house. Further, the Commonwealth contends the trial court's ruling that "exigent circumstances" justifying the warrantless search were not present is erroneous considering the officers' belief that others might be in the house at the time of appellee's arrest.

In reviewing a suppression Order:

Our scope of review is limited primarily to questions of law. We are bound by the suppression court's findings of fact, if those findings are supported by the record. In determining whether the findings of fact are supported by the record, we are to consider only the evidence of the appellees and so much of the evidence of the appellant which, as read in the context of the record as a whole, remains uncontradicted. It is for the suppression court as the trier of fact, rather than the reviewing court, to determine credibility.

However, we are "not bound by findings wholly lacking in evidence." Nor are we bound by the suppression court's conclusion of law.

*Commonwealth v. White,* 358 Pa.Super. 120, 123, 516 A.2d 1211, 1212–13 (1986) (citations omitted). *See Commonwealth v. Monarch,* 510 Pa. 138, 507 A.2d 74 (1986); *Commonwealth v. Cortez,* 507 Pa. 529, 491 A.2d 111 (1985).

Appellee contends in her brief and at argument that she has "automatic standing" under *Commonwealth v. Sell,* 504 Pa. 46, 470 A.2d 457 (1983), to challenge the search of the house and the seizure of the controlled substances and prerecorded $20 bill within. We find this reliance misplaced. In *Sell* our Supreme Court interpreted Article I, section 8 of the Pennsylvania Constitution as giving a broader scope of protection with regard to standing to challenge a search and seizure than the United States Supreme Court has construed in the fourth amendment.[1] The *Sell* Court elected to continue the "automatic standing" rule it first adopted in *Commonwealth v. Knowles,* 459 Pa. 70, 327 A.2d 19 (1974). Here, appellee was charged with one count each of knowing or intentionally possessing a controlled substance, manufacture with intent to manufacture or deliver a controlled substance, and criminal conspiracy. Because the first two charges are possessory offenses, appellee initially has standing to challenge the search and seizure, however, as a matter of law, we find appellee abandoned the property seized, she has no standing to challenge the police search of the house and consequent seizure of the narcotics.

It is well-established that "no one has a standing to complain of a search and seizure of property that he has voluntarily abandoned." *Commonwealth v. Shoatz,* 469 Pa. 545, 553, 366 A.2d 1216, 1220 (1976); *Commonwealth v. Cihylik,* 337 Pa.Super. 221, 226–28, 486 A.2d 987, 990

---

1. *See e.g. Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), and *Mancusi v. DeForte,* 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968) (reevaluating the "automatic standing" rule applied to alleged Fourth Amendment violations in *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), which held the mere charge of a defendant with a possessory offense conferred standing to assert an alleged Fourth Amendment violation).

(1985). "The test for abandonment is whether the complaining party could retain a reasonable expectation of privacy in the property allegedly abandoned." *Commonwealth v. Sero*, 478 Pa. 440, 452, 387 A.2d 63, 69 (1978); *Cihylik, supra*, 337 Pa.Superior Ct. at 226–28, 486 A.2d at 990. These principles were well-stated by the Supreme Court in *Sell:* [P]ersonal possessions remain constitutionally protected ... until their owner meaningfully abdicates his control, ownership or possessory interest therein." *Id.*, 504 Pa. at 67, 470 A.2d at 469. The relevant question becomes whether appellee's throwing away of the keys to the abandoned house constitutes such a relinquishment of interest in the contents of the house so that appellee may no longer assert a reasonable expectation of privacy in its contents. We hold that it does.

Appellee had no ownership rights to the abandoned house other than her set of keys which allowed her access to the premises. By abandoning the keys when the officers approached, appellee effectively relinquished all rights she had in the premises and the items stored in the house were no longer protected by any expectation of privacy on appellee's part. In *Commonwealth v. Anderl*, 329 Pa.Super. 69, 477 A.2d 1356 (1984), we found no reasonable expectation of privacy or interest in property existed when the defendant abandoned a satchel containing contraband by hiding it on the property of an unknown third party. Similarly, in *Commonwealth v. Bulling*, 331 Pa.Super. 84, 480 A.2d 254 (1984), we specifically found "automatic standing" under *Sell* does not apply when the defendant abandoned the seized property by either selling or voluntarily discarding the items prior to their seizure. Accordingly, we find appellee lacked standing as a matter of law to challenge the seizure of the narcotics and the prerecorded $20 bill. The Order suppressing the physical evidence seized during the warrantless search is reversed and the case is remanded for trial in accordance with this Opinion.

Jurisdiction relinquished.