606 A.2d 1211

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Keith M. WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1992.

Filed April 24, 1992.

Scott D. Galloway, Media, for appellant.

Louis G. Stesis, Asst. Dist. Atty., Media, for Com., appellee.

Before WIEAND, KELLY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant, Keith M. Wilson, was convicted by a jury of possession of a controlled substance and possession of a controlled substance with the intent to deliver. Posttrial motions were filed and denied. Appellant was sentenced to four to ten years imprisonment. The present appeal followed. We affirm.

On appeal, appellant claims that the trial court erred by not suppressing evidence and by failing to grant a continuance during the course of the trial.

On April 18, 1989, Chester City police officers received a tip that drugs were being sold in the area of the William Penn projects. The drugs were allegedly being sold by a man wearing a purple shirt and a black jacket. Narcotics officers went to the projects to investigate. Officer Fox observed a black male wearing a purple shirt leaning out the window of 414 Deakyne Place. Officer Fox entered the project and went up the stairway. Appellant and two other people were standing on the landing. Officer Fox observed appellant place a black jacket on the bannister. Officer Fox identified himself and asked appellant if he owned the

jacket. Appellant denied ownership and Officer Fox proceeded up the stairway to investigate. Officer Bireley followed Officer Fox into the building. The three people did not look at Officer Bireley but continued to look out the window. Officer Bireley asked if anyone owned the jacket and nobody answered. Officer Bireley picked up the jacket and found a brown paper bag, which contained heroin. Officer Fox came back down the steps and told Officer Bireley that he saw appellant holding the jacket and that he saw appellant place it on the bannister. Appellant was subsequently arrested.

Appellant claims that the trial court erred by not granting his pretrial motion to suppress. When reviewing an order denying a motion to suppress, we must determine whether the factual findings of the lower court are supported by the record. We consider only the prosecution's evidence and as much of the defendant's evidence which, when read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Cortez*, 507 Pa. 529, 491 A.2d 111 (1985); *Commonwealth v. Chamberlain*, 332 Pa.Super. 108, 480 A.2d 1209 (1984).

Appellant contends that the trial court erred by finding that appellant lacked standing to object to the search of the jacket. Appellant is correct in that a person charged with a possessory offense must be accorded automatic standing. *Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983). However, once a person abandons an item, he does not retain standing to complain about the search and seizure. *Commonwealth v. Shoatz*, 469 Pa. 545, 366 A.2d 1216 (1976); *Commonwealth v. Perdue*, 387 Pa.Super. 473, 564 A.2d 489 (1989). This principle also applies to cases where the defendant is charged with a possessory offense. *Commonwealth v. Rodriquez*, 385 Pa.Super. 1, 559 A.2d 947 (1989). Abandonment may occur when a person denies ownership in response to police questioning. *Commonwealth v. Bennett*, 412 Pa.Super. 603, 604 A.2d 276 (1992).

In the instant case, Officer Fox entered the building and observed appellant holding a black jacket. Officer Fox observed appellant place the jacket on the bannister. Officer Fox approached appellant and the two other people. Officer Fox identified himself as a police officer and asked appellant for identification. Officer Fox asked appellant if the jacket belonged to him. Appellant denied ownership. Officer Fox then proceeded to the next floor of the building. While Officer Fox was on the other floor, Officer Bireley entered the building. Officer Bireley observed the jacket on the bannister and asked appellant and the two other people who owned the jacket. Officer Bireley's question went unanswered. In fact, appellant and the other people basically ignored Officer Bireley. By denying ownership of the jacket to Officer Fox and by failing to answer Officer Bireley's question regarding ownership of the jacket, it is apparent that appellant voluntarily discarded the jacket and relinquished any interest in the jacket and could no longer retain a reasonable expectation of privacy. *Commonwealth v. Windell,* 365 Pa.Super. 392, 529 A.2d 1115 (1987). Therefore, the trial court did not err by finding that appellant did not have standing to object the seizure. *Commonwealth v. Rodriquez, supra.*[1]

Appellant next contends that the officers lacked probable cause to arrest appellant. The test for probable cause to arrest is whether, at the time of the initial apprehension, there were facts available to justify a person of reasonable caution to believe that a crime had been committed and that the individual arrested was the probable perpetrator. *Commonwealth v. Groff,* 356 Pa.Super. 477, 514 A.2d 1382 (1986). Probable cause means only the probability and not a prima facie showing of criminal activity. *Commonwealth v. Vessells,* 273 Pa.Super. 100, 416 A.2d 1108 (1979). Probable cause is based on the facts and circumstances known at the moment of the arrest, *Commonwealth v. Mackie,* 456 Pa. 372, 320 A.2d 842 (1974).

1. Because appellant does not have standing to object to the search, we will not address appellant's claim regarding the validity of the search.

Presently, the officers had information that a person named Keith Wilson, wearing a purple shirt and carrying a black jacket, was selling heroin in the area of the William Penn projects. The officers walked around the projects and Officer Fox saw a black male, wearing a purple shirt, leaning out of a window. Officer Fox entered the project and observed appellant holding a black jacket and then placing the jacket on the bannister. Officer Bireley also entered the building and asked who owned the jacket. Because no one replied, Officer Bireley examined the jacket and found heroin. Given the fact that Officer Fox observed appellant hold the jacket and place it on the bannister, it was not unreasonable to believe that appellant possessed and was selling the heroin. Therefore, the arrest was based on probable cause and appellant's claim is meritless.

Appellant next claims that the trial court erred by refusing to allow a continuance so that appellant could obtain more witnesses. Appellant wanted his mother, sister and other relatives to testify at trial. The grant or denial of a continuance is within the sound discretion of the trial court and will not be reversed absent an abuse of such discretion. *Commonwealth v. Faraci*, 319 Pa.Super. 416, 466 A.2d 228 (1983). The following factors are to be considered when determining whether to grant a continuance to obtain witnesses: (1) whether the absent witness is necessary to the defense; (2) the facts to which the witness would testify; (3) whether the defendant acted diligently in procuring the witness; and (4) the likelihood that the witness would be produced for the trial. *Commonwealth v. Smallhoover*, 389 Pa.Super. 575, 567 A.2d 1055 (1989).

The record indicates that before the trial appellant expressly stated that he did not want his mother or his sister to testify at trial. Apparently, appellant's mother and sister had testified at his first trial.[2] On the second day of the trial, appellant changed his mind and decided that he wanted his mother, sister and other relatives to testify.

2. The first trial resulted in a "hung jury", which necessitated a mistrial.

Appellant requested a continuance. The trial court complied with appellant's request and adjourned early so that appellant could contact his witnesses. Trial counsel subpoenaed these witnesses but they did not comply with the subpoenas and were not present the next day. The trial court did not issue another continuance. The mother and sister would have testified that appellant's birthday was the day before the arrest and that they gave appellant money as a birthday gift. Appellant has not stated what the testimony of the other witnesses would have been. The Commonwealth stipulated to the testimony from the mother and sister. Therefore, we fail to see how appellant was prejudiced when the trial court did not grant another continuance.

Judgment of sentence affirmed.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I join the majority's decision to affirm the judgment of sentence. I write separately for the sole purpose of observing that an intent to abandon property lying next to a person cannot be found from his or her silence or failure to respond to a police officer's questions regarding ownership of the property.

The Superior Court has recently held that abandonment may result where, in response to police questioning, a person denies ownership of property lying several feet away. See: *Commonwealth v. Bennett,* 412 Pa.Super. 603, 604 A.2d 276 (1992). The holding in *Bennett,* however, cannot be extended to a situation in which a person ignores and refuses to answer police questions regarding ownership. In this respect, I agree with Professor LaFave, who has said that a defendant's denial of ownership should "be distinguished from mere silence in response to police questioning about ownership, which is not to be characterized in the same way. 'To equate a passive failure to claim potentially incriminating evidence with an affirmative abandon-

ment of property would be to twist both logic and experience in a most uncomfortable knot.' " 1 LaFave, Search and Seizure, § 2.6(b), at p. 469 n. 54 (2d ed. 1987), quoting *State v. Joyner*, 66 Hawaii 543, 544, 669 P.2d 152, 153 (1983).

Nevertheless, review of the testimony at the suppression hearing in this case is persuasive that appellant did, in fact, affirmatively abandon the jacket which was subsequently seized and searched by police. Officer Fox, who entered the building where appellant was reported to have been dealing drugs, observed appellant as he placed the jacket on the bannister at the second floor landing of the staircase. Fox approached appellant and the two persons with him, identified himself as a police officer and asked appellant for identification. After appellant had identified himself, Fox asked him if the jacket on the bannister belonged to him. Appellant, according to Fox, denied ownership. Fox then went to the next floor to make certain that it had been secured. Meantime, Officer Bireley, who had followed Fox into the building, arrived at the second floor, where he observed the jacket on the bannister. When he asked appellant and the two persons on the landing if the jacket belonged to any of them, no one answered. Bireley thereupon seized the jacket, reached into a pocket and found twenty-one (21) packets of heroin.

Under these circumstances, I agree with the majority that appellant had abandoned the jacket and surrendered any expectation of privacy with respect thereto. Not only had he denied ownership in response to Officer Fox's question regarding the jacket, but he also had failed to claim ownership when given an opportunity to do so by Officer Bireley. Therefore, he cannot complain that the police seized the jacket and examined the contents of the pocket. He no longer had any right to assert a privacy interest therein. See: *Commonwealth v. Bennett, supra.*

Moreover, because the abandonment occurred on a landing of a public housing project building, where the public, including the police, had a right to be, it cannot be said that

appellant was unlawfully coerced to surrender his privacy interest in the jacket. Therefore, I agree that appellant's abandonment of the jacket was voluntary.

I also agree with the majority that the trial court did not commit an abuse of discretion when it denied a second request by appellant for a continuance of his trial.