621 A.2d 148

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert TILLMAN, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1993.

Filed March 4, 1993.

344

Ronald Eisenberg, Deputy Dist. Atty., Philadelphia, for Com., appellant.

Robert Tillman, pro se.

Before McEWEN, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth of Pennsylvania from the order of the Court of Common Pleas of Philadelphia County which granted appellee's motion to suppress.[1] We reverse the suppression order entered below and remand for trial.

When passing on a challenge to the decision of the suppression court, we are limited primarily to question of law, and we are bound by the suppression court's findings of fact, provided those findings are supported by the record. *Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986); *Commonwealth v. Marconi*, 408 Pa.Super. 601,

---

1. The Commonwealth has certified that the lower court's order granting appellee's motion to suppress physical evidence, effectively terminates the prosecution of this case, and, therefore, this appeal is properly before us. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

607–08, 597 A.2d 616, 619 (1991); *Commonwealth v. Person*, 385 Pa.Super. 197, 200, 560 A.2d 761, 762–63 (1989). Instantly, the lower court summarized the facts in its opinion, as follows:

The Notes of Testimony reveal that Police Officer Smith and his partner were on routine patrol, in uniform, in a marked patrol wagon. As they approached the corner of Cumberland and Newkirk, Officer Smith testified that he saw the defendant drop a container to the ground. The defendant had his back to the police vehicle. He was standing with a woman and another male. (See, N.T., December 5, 1991, p. 7–8). The defendant and the other two individuals began to walk away. Officer Smith exited the police vehicle and picked up the container and observed that there were 15 clear vials [containing a white chunky substance] inside of it. (N.T., December 5, 1991, p. 10). Meanwhile, Officer Smith's partner pursued the defendant, stopped him, and brought him back to the scene, The defendant did not run. (See, N.T., December 5, 1991, pp. 10, 14–16). The defendant was then placed under arrest.

Trial Court Opinion, p. 2.

The record also reveals the following undisputed evidence: Appellee dropped the container containing the vials of cocaine after seeing the police. (N.T., 12/5/91, p. 7). At the time appellee discarded the container, the police officers were twenty to thirty feet away from appellee and his companion, and the officers were still inside their moving, police vehicle. (N.T., 12/5/91, pp. 8, 9).

In deciding to suppress the controlled substance, the lower court applied the doctrine of forced abandonment, reasoning the the police "forced" appellee to abandon the cocaine through their illegal seizure of him. The lower court relied primarily upon our supreme court's decision in *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973), and our recent decision in *Commonwealth v. Martinez*, 403 Pa.Super. 125, 588 A.2d 513 (1991), *allocatur denied*, 530 Pa. 653, 608 A.2d 29 (1992). While we agree that *Jeffries, supra,* and its

progeny are controlling, we find that the lower court erred in its application of the doctrine of forced abandonment.

"It is axiomatic that a defendant has no standing to contest the search and seizure of items which he has voluntarily abandoned." *Commonwealth v. Bennett,* 412 Pa.Super. 603, 607, 604 A.2d 276, 278 (1992), *quoting Commonwealth v. Windell,* 365 Pa.Super. 392, 398, 529 A.2d 1115, 1117 (1987). "Although abandoned property may normally be obtained and used for evidentiary purposes by the police, such property may not be utilized where the abandonment is coerced by unlawful police action." *Jeffries,* 311 A.2d at 918, *quoting Commonwealth v. Pollard,* 450 Pa. 138, 143, 299 A.2d 233, 236 (1973). *See also, Commonwealth v. Harris,* 491 Pa. 402, 421 A.2d 199 (1980); *Bennett,* 604 A.2d at 278.

Thus, the question we now face is whether appellee's act of dropping the container was the product of illegal police conduct. We will assume, as did the court below, that appellee was detained by Officer Smith's partner before Officer Smith actually saw the individual vials of cocaine inside the container which appellee tossed to the ground. We note, although the lower court concluded that Officer Smith's partner detained appellee before Officer Smith observed the vials of cocaine inside the container, the record is at best unclear as to the timing of the seizure of appellee, relative to Officer Smith's seizure of the controlled substance. In fact, the record actually supports the conclusion that Officer Smith seized the cocaine prior to his partner's detention of appellee. (N.T., 12/5/91, pp. 9, 10). However, for the purposes of our decision here today, it does not matter whether appellee was seized prior to or after Officer Smith confirmed that the container contained cocaine. See discussion, *infra,* of *Commonwealth v. Reviera,* 387 Pa.Super. 196, 563 A.2d 1252 (1989), *appeal dismissed,* 526 Pa. 41, 584 A.2d 308 (1991).

It is undisputed that the officers did not have "reasonable suspicion" to detain appellee prior to finding cocaine inside the container which he dropped. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Martinez, supra.* Thus, the lower court, citing *Jeffries, supra,* found that appellee was

coerced into abandoning the contraband and, therefore, the physical evidence had to be suppressed as "fruit of the poisonous tree".

■ We disagree with the lower court's conclusion. The evidence in question was abandoned before the police officers showed any interest in appellee or his companions. Only after witnessing appellee tossing the container to the ground and appellee and his companions dispersing, did Officer Smith exit his vehicle and seize the container. There is absolutely no evidence to suggest that the police in any manner coerced appellee into abandoning the container containing the controlled substance. *See, Commonwealth v. Hall,* 475 Pa. 482, 380 A.2d 1238 (1977) (where police patrolling an area known for narcotics trafficking made a u-turn and double-parked their vehicle after observing three individuals, and where as the officers approach the individuals and were about ten feet away, defendant dropped white tissue ball containing heroin, police action was noncoercive encounter and heroin was admissible). We conclude that the Fourth Amendment was not implicated presently by the officer's conduct. *Compare, Jeffries, supra* (evidence suppressed where defendant abandoned contraband while being chased by police who had no reasonable belief criminal activity was afoot) *with Commonwealth v. Brown,* 388 Pa.Super. 187, 565 A.2d 177 (1989) (police officer's parking on sidewalk next to defendant's vehicle, combined with partner's walking quickly towards defendant constituted a noncoercive encounter and therefore did not trigger Fourth Amendment protections).

■ Finally, even if we assume the seizure of appellee prior to observing the contraband was illegal, the evidence is not subject to suppression. "Suppression of evidence is not available as a remedy for unlawful police conduct where the evidence was obtained by means independent of the unlawful police conduct. *See, Commonwealth v. Mancini,* 340 Pa.Super. 592, 490 A.2d 1377 (1985)." *Reviera,* 563 A.2d at 1257. Since the evidence was seized independently of any unlawful police conduct, i.e., it was abandoned prior to the police showing any interest in appellee, we cannot regard the seizure

of the cocaine was the product of an illegal arrest. *See, Reviera, supra* (evidence was admissible where evidence was obtained pursuant to a valid search warrant, despite illegal arrest prior to the search).[2]

Order reversed. Case remanded for trial.

---

**2.** We note that we need not address the Commonwealth's argument related to *California v. Hodari*, —— U.S. ——, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991).