J-A24021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| FARID BROWN, | |
| Appellee | No. 2370 EDA 2013 |

Appeal from the Order Entered on July 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002004-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:**FILED FEBRUARY 13, 2015**

The Majority concludes that Appellee, Farid Brown, lacked a reasonable expectation of privacy in the specific location within the vehicle when that vehicle was searched without a warrant.  The Majority also concludes that Brown abandoned the vehicle and, thus, lacked standing to challenge the legality of that search.  However, Brown's expectation of privacy in a specific portion of the vehicle is not a question before this Court.  Furthermore, I would conclude that the trial court was correct in concluding that Brown did not abandon the vehicle.  In any event, the Majority lacks the authority to overturn the trial court's decision in that regard because, in doing so, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Majority is simply substituting its judgment for that of the trial court. Accordingly, I respectfully dissent.

First, the Majority begins its analysis in this case by undermining the factual determinations of the trial court by applying an incorrect standard of review. The Majority correctly states a substantial portion of our standard of review following the grant of a motion to suppress, but then omits two critical components, specifically, that "[t]he suppression court's findings of facts bind an appellate court if the record supports those findings[,]" *Commonwealth v. Deck*, 954 A.2d 603, 606 (Pa. Super. 2008) (quoting *Commonwealth v. Scott*, 916 A.2d 695, 696 (Pa. Super. 2007)), and that "[i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Dutrieville*, 932 A.2d 240, 242 (Pa. Super. 2007) (citation omitted).

Thus, the Majority's conclusion that it is "questionable that [Brown] had permission to use the vehicle on that date" is a misapplication of our standard of review. While I admit that the vehicle owner's testimony regarding such permission was less than precise, it is not the province of this Court to assess her credibility. Indeed, the Majority's characterization that it is "questionable" whether Brown had permission to operate the vehicle bespeaks of a credibility determination rather than a conclusion that such a factual finding lacks support in the record. If there is no support in the record for the trial court's determination regarding whether the owner had

given such permission, the Majority would have simply said so. Moreover, the Commonwealth did not even present any arguments regarding whether Brown had permission to operate the vehicle in its Pa.R.A.P. 1925(b) statement. Accordingly, any such argument is waived, and should not be considered by this Court. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

Second, the Majority mischaracterizes existing law and the legal dispute before the suppression court when it states that "the trial court's conclusion that [Brown] had a legitimate expectation of privacy in a broken gearshift box of a car owned by a third party is not supported by law." Majority Memorandum, at 8. Significantly, the suppression court concluded that the police conducted a warrantless search of the vehicle. Trial Court Opinion (TCO), 12/19/13, at 3. The nature of the Commonwealth's argument, at least the one preserved in its Rule 1925(b) statement, is not that the search was justified by an exception to the warrant requirement, or that Brown never had an expectation of privacy in the vehicle at all (or any specific portion therein), but that he discarded his standing to challenge the search of the vehicle when he abandoned it. **See Commonwealth v. Shoatz**, 366 A.2d 1216, 1220 (Pa. 1976) ("It is well settled that no one has standing to complain of a search or seizure of property that he has voluntarily abandoned."). Consequently, for the purposes of this appeal, the location of the contraband in the vehicle is simply irrelevant. The police

were not lawfully within the vehicle when the search occurred and, consequently, the Majority's parsing of what parts of the interior of the vehicle were subject to Brown's expectation of privacy is irrelevant.

Third, the Majority's characterization of Brown as a mere passenger is, as discussed above, belied by the record and the factual findings of the trial court. Brown was not a mere passenger. He was also given permission to operate the vehicle. Consider the absurdity of the proposition that one's position in a vehicle is the primary or final arbiter of one's expectation of privacy in that vehicle. Does the owner of a vehicle abandon his expectation of privacy in his vehicle's trunk because he sits in the passenger seat and permits another person to drive? Clearly not. Nevertheless, Brown's position on the spectrum between owner and mere passenger is irrelevant in this case as well, because the Commonwealth only preserved the claim in its Rule 1925(b) statement that Brown had abandoned the vehicle and, thus, that he lost standing to challenge a search of any part of that vehicle. This Court cannot address and, therefore, cannot grant relief on a claim that has been waived. **Lord**, **supra**.

Fourth, and finally, the only legal question for this Court is whether Brown's conduct constituted an abandonment of the vehicle. The limited facts presented by the Commonwealth in its brief appear to compel a finding of abandonment (speeding away from police, exiting the car, and fleeing). However, the Commonwealth both mischaracterizes these facts and neglects to mention other factual findings made by the trial court that constitute

relevant circumstances existing at the time of the alleged abandonment. Although this Court is not bound by the trial court's legal conclusion that there was no abandonment in this case, we are bound by its factual findings. **Deck**, **supra**. In that regard, this Court must consider all of the factual findings of the trial court, not just those selected by the Commonwealth to highlight in this appeal. The Majority's Memorandum fails to adhere to this standard.

The trial court justified its conclusion that the vehicle had not been abandoned by Brown as follows:

> The Commonwealth asserts that [Brown] abandoned the vehicle … but the evidence indicates no such abandonment …. When the police arrived at the Walgreens, the vehicle was properly parked in the store's parking lot. [Brown] and the driver were no longer in the vehicle and, in fact, were walking in different directions at a normal pace before they were spotted by the police. It was not until they saw the officers that they fled the area. When the driver was apprehended and the police returned to the vehicle, there were no indicia of abandonment, *i.e.*, the car was not running, the keys were not in the ignition, and the doors were not open. The vehicle was simply parked. The "mere fact that the property was placed in an area open to the general public is not sufficient to establish abandonment." **Commonwealth v. Johnson**, 431 Pa.Super. 291, 296, 636 A.2d 656, 659 (1994). Based on the circumstances "existing at the time" of the search, … the police had no basis to conclude that the property had been abandoned. Therefore, [Brown] maintained his privacy interest in the vehicle, and a warrant was required before it could be searched.

TCO, at 4.

Clearly, the trial court placed more emphasis on the circumstances that existed closest in time to when the search was conducted (car properly

parked, defendants' walking away at a normal pace, key not in ignition, door not left ajar) and less emphasis on the circumstances that existed beforehand, as emphasized by the Commonwealth and the Majority. I believe the factual findings considered by the trial court are adequately supported by the record. This suggests that the true nature of the Commonwealth's argument implicates the weight afforded to these individual factors rather than any error in the court's legal conclusion. Based upon the actual factual findings made by the trial court, I cannot discern any legal error in the conclusion that there was not a "clear intent … to relinquish control" of the vehicle. *Shoatz*, 366 A.2d at 1219.

The Majority mischaracterizes the nature of the question before us by stating that the "trial court has failed to provide any legal support for its holding that the fact that the driver parked the car in a parking lot, with closed doors, and no keys, precludes a finding of abandonment." Majority Memorandum, at 10-11. The trial court has no burden to satisfy in the Commonwealth's appeal from the grant of a motion to suppress. In any event, the trial court never stated that it was "precluded" from finding abandonment. In fact, the court correctly stated the appropriate legal standard as follows:

> A criminal defendant does not have standing to challenge the search of property that he has voluntarily abandoned. *Commonwealth v. Shoatz*, 469 Pa. 545, 553, 366 A.2d 1216, 1219-1220 (1976) (citations omitted). The theory of abandonment is "predicated upon the clear intent of an individual to relinquish control of the property he possesses." *Id.* at 1219. Intent is determined from "words, acts, and all

- 6 -

relevant circumstances existing at the time the property is purportedly deserted." **Commonwealth v. Sodomsky**, 939 A.2d 363, 366 (Pa. Super. 2007).

TCO, at 3-4.

The Majority's statement also overlooks that the trial court was comparing facts that were present in the cases cited favorably by the Commonwealth and, indeed, now cited favorably by the Majority, and comparing those facts with the facts of the instant case. Such analysis is wholly appropriate and unobjectionable.

The Majority suggests that the evidence was conclusively in favor of a finding of abandonment by referencing other cases with facts similar to some of the facts at issue in this case. The Majority's citations of supporting authority, however, merely establish that the facts in favor of a determination of abandonment were, indeed, facts that supported a finding of abandonment. The Majority implicitly concludes, therefore, that the facts that do not support a finding of abandonment are inconsequential or not dispositive. However, the Majority cites no authority for the proposition that the facts favoring a finding of abandonment can be considered at the exclusion of all other facts, and particularly of the facts that tend to support a finding that abandonment did not occur. The Majority's conclusion strongly suggests that it is substituting its judgment for that of the trial court, because there was evidence both for and against a finding of abandonment in this case. I believe there was nothing irrational or

unreasonable about the trial court's conclusion that the totality of the circumstances weighed against a finding of abandonment.

In sum, the police searched the vehicle without first obtaining a warrant, and without any applicable exception to the warrant requirement. The trial court's determination regarding Brown's standing to challenge that illegal search, that he had not abandoned the vehicle, is adequately supported by the record and not contradicted by any case cited by the Majority. Consequently, I would affirm the trial court's grant of Brown's suppression motion. Because the Majority concludes otherwise, I respectfully dissent.