595 A.2d 635

COMMONWEALTH of Pennsylvania, Appellant,

v.

George SANDERS.

Superior Court of Pennsylvania.

Submitted June 6, 1991.

Filed Aug. 21, 1991.

Kemal A. Mericli, Asst. Dist. Atty., Pittsburgh, for the Com., appellant.

Sally A. Frick, Pittsburgh, for appellee.

Before OLSZEWSKI, HUDOCK and HOFFMAN, JJ.

HOFFMAN, Judge.

This appeal by the Commonwealth is from the order below granting appellee's motion to arrest judgment. The motion was granted based upon the trial court's finding that it had erred in denying appellee's pre-trial motion to suppress physical evidence, cocaine, that had been seized without a warrant. The Commonwealth contends that the evidence seized was admissible because appellee had abandoned it, and thus the court erred in arresting judgment. We affirm.

On September 18, 1989, appellee was charged with possession and possession with intent to deliver a controlled substance (cocaine), as well as escape. Before trial, appellee filed a motion to suppress cocaine that had been seized without a warrant. On January 19, 1990, a hearing was held, and the court below denied the motion. That same day, appellee waived his right to a jury, and proceeded to a bench trial. Testimony from the suppression hearing was incorporated into the trial. After hearing further testimony, the court found appellee guilty of all charges.

Appellee filed timely post-verdict motions and a supportive Memorandum alleging, *inter alia,* error in the disposition of the motion to suppress. The Commonwealth responded with a post-trial brief arguing that appellee lacked standing to contest the legality of the search because he had abandoned the property in question. On May 21, 1990, the trial court arrested judgment, finding that the cocaine had been illegally seized, and that, without this evidence, the Commonwealth's case was insufficient to support appellee's conviction. This timely appeal by the Commonwealth followed.[1]

1. The Commonwealth's right to appeal the granting of an arrest of judgment is settled. *See Commonwealth v. Rawles,* 501 Pa. 514, 462 A.2d 619 (1983); *Commonwealth v. Coleman,* 367 Pa.Super. 108, 532 A.2d 477 (1987), *allocatur denied,* 518 Pa. 635, 542 A.2d 1365 (1988).

The propriety of the trial court's decision to arrest judgment turns on the court's determination of the suppression issue. The only witness to testify at the suppression hearing was Lieutenant Jackie Jones of the Duquesne Police Department. The trial court aptly summarized Lt. Jones's pertinent testimony as follows:

> Lieutenant Jackie Jones' testimony was that on July 3, 1989, [police received] an anonymous call.... The nature of the call was that a black male, bald or with a short haircut, was standing by a brown car with two other black males selling drugs in Burns Heights Project.... There was no [further] description of the activity in which he was engaged.... Lt. Jones proceeded to the parking lot of Burns Heights Project. She observed the defendant, George Sanders, with two other men standing next to a brown car.... The Lieutenant observed the defendant with a black pouch in his hands. Mr. Sanders placed the black pouch on the trunk of the car. Lt. Jones exit[ ]ed her vehicle, walked up to him, picked up the pouch, looked inside and saw suspected narcotics. She placed the defendant under arrest and asked him to take steps away from the car. At this point, she was assisted by Officer Dudley. While Officer Dudley was frisking Mr. Sanders, the defendant ran....
>
> Subsequent analysis of the pouch revealed eight (8) pieces of aluminum foil each containing crack-cocaine, the total of which was 1.33 grams. Also present in the pouch was one (1) plastic bag filled with rice and a second inner bag holding 13.67 grams of [what proved to be] 50% pure cocaine.

Trial Court Opinion at 2–3. The Commonwealth does not dispute the trial court's factual findings, but takes issue with the court's conclusion of law—i.e., its finding that the seizure of the black pouch was unlawful.[2] Specifically, the Commonwealth argues that appellee had no standing to

---

2. Although we are bound by the court's findings of fact, we are not bound by its conclusions of law. *See Commonwealth v. Lark,* 505 Pa. 126, 477 A.2d 857 (1984); *Commonwealth v. White,* 358 Pa.Super. 120, 516 A.2d 1211 (1986).

challenge the legality of the seizure because, when he placed the pouch on the trunk of the car, he abandoned it.[3]

It is well-settled that "no one has standing to complain of a search or seizure of property that he has voluntarily abandoned." *Commonwealth v. Shoatz*, 469 Pa. 545, 553, 366 A.2d 1216, 1220 (1976); *see also Abel v. United States*, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). The *Shoatz* Court summarized the principles governing an abandonment analysis as follows:

> The theory of abandonment is predicated upon the clear intent of an individual to relinquish control of the property he possesses.
>
> > Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts facts.... All relevant circumstances existing at the time of the alleged abandonment should be considered.... Police pursuit or the existence of a police investigation does not of itself render abandonment involuntary.... The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.

*Id.* 469 Pa. at 553, 366 A.2d at 1219–20 (1976) (quoting *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir.1973) (citations omitted)). *See also Commonwealth v. Williams*, 380 Pa.Super. 227, 551 A.2d 313 (1988); *Commonwealth v. Anderl*, 329 Pa.Super. 69, 82–83, 477 A.2d 1356, 1362–63 (1984); 1 W. LaFave, *Search and Seizure*, § 2.6(b), at 467 (1987 & Supp.1991) ("The fundamental question is whether the relinquishment occurred under circumstances which indicate [the defendant] retained no justified expectation of privacy in the object.").

---

**3.** The trial court found that the police lacked probable cause to arrest appellant or search the pouch. The Commonwealth does not challenge this finding.

Here, we cannot agree with the Commonwealth that appellee's equivocal act of placing his black pouch on the hood of the car reflects a clear intent to relinquish his interest in the property. Appellee did not walk away from the car or otherwise attempt to disassociate himself further from the pouch. Moreover, appellee's "placing" the pouch on the hood cannot be equated with acts in other cases where the defendant made clear an intent to abandon by discarding the evidence. *See, e.g., Commonwealth v. Brown,* 388 Pa.Super. 187, 565 A.2d 177 (1989) (as police lawfully approached defendant, he walked around police vehicle, pretended to trip, and as he did so, tossed evidence (plastic bag containing cocaine) under his car); *Commonwealth v. Rodriguez,* 385 Pa.Super. 1, 559 A.2d 947 (1989), *allocatur denied,* 524 Pa. 619, 571 A.2d 381 (1989) (undercover narcotics officers purchased cocaine on street from defendant who kept drugs stashed in locked abandoned house nearby; after cocaine was field-tested, police officers in marked car approached defendant; when defendant saw them, she dropped keys to house, thereby abandoning rights in premises). The case at bar is also distinguishable from *Brown* and *Rodriguez* because the defendant did not discard the evidence in reaction to the lawful approach of a police officer. Indeed, the record is silent concerning whether appellee was even *aware* of Lt. Jones' presence: there is no record evidence that Jones was in uniform or in a marked police car, or that appellee looked in her direction as she approached or otherwise indicated an awareness of her presence. Thus, this case is unlike "the typical case in which abandonment has been found because the defendant attempted to disassociate himself from incriminating evidence by throwing it away upon the lawful approach of police." *Commonwealth v. Williams, supra* 380 Pa.Super. at 234–35, 551 A.2d at 316–17 (citing *Commonwealth v. Hall,* 475 Pa. 482, 380 A.2d 1238 (1977); *Commonwealth v. Bulling,* 331 Pa.Super. 84, 480 A.2d 254 (1984); *Commonwealth v. Derrick,* 322 Pa.Super. 517, 469 A.2d 1111 (1983); 1 W. LaFave, *Search and Seizure,* § 2.6(b), at 466 & nn. 39–43).

It is important to remember that in order to retain an expectation of privacy in our possessions, we are not required to place them in our homes or our pockets, or to clutch them closely to our breasts. As always, the determination whether a person reasonably may expect that his or her possessions shall be free from unwarranted governmental intrusion depends on the facts and circumstances attending the particular confrontation. And here, because the only action taken by appellee with regard to the pouch was equivocal, we are satisfied that he retained an expectation of privacy in the pouch, and thus, to be lawful, the search had to comply with the fourth amendment. *Cf. Smith v. Ohio*, 494 U.S. 541, ——, 110 S.Ct. 1288, 1290, 108 L.Ed.2d 464 (1990) ("[A] citizen who attempts to protect his private property from inspection, after throwing it on a car to respond to a police officer's inquiry, clearly has not abandoned that property.").

In summary, we hold that the evidence in the suppression hearing did not demonstrate that appellee abandoned his pouch prior to the police seizure in this case. Thus, the trial court did not err in determining that the evidence should have been suppressed. As we have determined that the only argument presented by the Commonwealth on appeal is meritless, we must affirm the order arresting judgment.[4]

Order affirmed.

---

**4.** We should note that the Commonwealth does not claim that an arrest of judgment is an inappropriate remedy in this case. *But cf. Commonwealth v. Lovette*, 498 Pa. 665, 669, 450 A.2d 975, 977 (1982) (sufficiency of evidence claim will not be assessed on diminished record, but rather on evidence actually presented to trier of fact), *cert. denied sub nom. Pennsylvania v. Lovette*, 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983); *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965) (same).

In addition, the Commonwealth does not argue that the court erred in arresting judgment on the escape charge.