J-A19033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLTON BRYANT | : | No. 2610 EDA 2019 |

Appeal from the Order Entered September 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002343-2019

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    Filed: August 25, 2020

The Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia, granting the motion of Carlton Bryant (Appellee) to suppress firearms recovered from his bag.[1]  The Commonwealth argues the trial court erred in finding Appellee did not abandon his bag.  We affirm.

Philadelphia Police Officer John Godlewski and his partner, Officer Kirby,[2] were assigned to a Gun Task Unit.  On February 21, 2019, they were

---

[1] Pursuant to Pa.R.A.P. 311(d), the Commonwealth certified in its notice of appeal that the court's order terminated or substantially handicapped its prosecution.

[2] The record does not reveal Officer Kirby's full name.

on routine patrol, in a marked police vehicle, "in West Philadelphia because of recent homicides committed in the area." Trial Ct. Op., 10/28/19, at 2; N.T. Motion to Suppress, 9/4/19, at 9, 17.

Officer Godlewski testified to the following at the September 4, 2019, suppression hearing. At approximately 3:05 p.m., he and Officer Kirby observed three men standing on the sidewalk in front of 5817 Fernwood Street. Appellee was standing approximately 10 feet from them. N.T. at 10-11, 18. Officer Godlewski could not see what the men were doing, and acknowledged that none of the men "at that time were committing a crime." *Id.* at 11, 18. Nevertheless, "due to the recent violence in the area," the officers stopped, and from their vehicle asked the three men "if they lived at that location at 5817." *Id.* at 12. The men responded they did not. *Id.*

Meanwhile, Officer Godlewski observed Appellee, who was holding a blue and white cloth bag, "back up towards a bush" and "drop[ ] the bag behind the bush." N.T. at 12-13, 15, 19. On cross-examination, Appellee presented a photograph of the property and Officer Godlewski testified Appellee dropped the bag into a space, or a "cut" or "a little nook," in or next to the bush. *Id.* at 20-21. Officer Godlewski agreed the "nook" was approximately a foot wide and furthermore testified he could "still see the bag" after Appellee dropped it. *Id.* at 21.

Officer Godlewski further testified that when Appellee dropped the bag, he heard a "clanking sound," which indicated to the officer that "there were

most likely" guns inside. N.T. at 14. At that point, Officers Godlewski and Kirby exited their vehicle and "briefly" spoke with the three men — for "[l]ess than 20 seconds" — while Appellee "sat down on the steps right next to the bush where he placed the bag." *Id.* at 15. Officer Godlewski then asked Appellee for his name and identification, and Appellee responded he did not have identification. *Id.* The officer described Appellee as "nervous, breathing heavy, [and] sweating." *Id.* At this juncture, Officer Godlewski detained Appellee, based on "the area, the violence, the reason [he and Officer Kirby] were in the area, the sound of the bag, the noise it made, and the fact that he was nervous and didn't have ID on him." *Id.* at 16. The officers placed Appellee in the police vehicle, "immediately went to the bag," opened it, and observed inside two guns and three magazines. *Id.* When Appellee stated he did not have a permit to carry a firearm, the officers arrested him. *Id.*

Appellee was charged with one count of possession of a firearm with altered manufacturer's number[3] and two counts each of persons not to possess a firearm, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[4]

On June 11, 2019, Appellee filed a motion to suppress the evidence obtained. The trial court conducted a hearing on September 4, 2019. The

---

[3] 18 Pa.C.S. § 6110.2(a).

[4] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108.

sole witness was Officer Godlewski, who testified as summarized above. Appellee argued: (1) his detention was illegal because Officer Godlewski lacked reasonable suspicion or probable cause to stop him; and (2) the search of the bag was also illegal, because he never abandoned it. N.T. at 25-27. Appellee contended the "classic abandonment case is someone running away and . . . throw[ing] the gun or something like that," but here, he sat next to the bag and made no attempt to leave. *Id.* at 27.

The Commonwealth contends that the officers' interaction with Appellee was a "mere encounter", and in any event, the legality of any stop was irrelevant because "no evidence [was] recovered from stopping" Appellee. Instead, the "[e]vidence was recovered from a bag that was abandoned by" Appellee, in which he had no reasonable expectation of privacy. N.T. at 28. The Commonwealth reasoned that when Appellee dropped the bag, "everything the officers did up to [that] point was . . . directed to the other three men. . . . They didn't say anything or do anything with regards to" Appellee. *Id.* at 29. The trial court found the officers lacked reasonable suspicion or probable cause and "could have easily gotten a search warrant based on . . . [the officer's] experience with handguns." *Id.* at 30. The court thus granted Appellee's motion to suppress the guns and magazines found in the bag.

The Commonwealth filed a motion to reconsider, which was denied. The Commonwealth filed this timely appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[5]

The Commonwealth presents a single issue for our review:

> Did the lower court err in suppressing the firearms found in a bag that [Appellee] voluntarily abandoned while police officers sat in a patrol car and conversed with a group of other men, where [Appellee] failed to establish a reasonable expectation of privacy in the bag?

Commonwealth's Brief at 4.

The Commonwealth argues the trial court erred in granting Appellee's motion to suppress the firearms. In support, it reasons Appellee voluntarily abandoned the bag behind a bush, on property that was not his, before the officers even spoke to him. The Commonwealth alleges Appellee thus relinquished any reasonable expectation of privacy in the bag. Commonwealth's Brief at 11, *citing*, *inter alia*, **Commonwealth v. Anderl**, 477 A.2d 1356, 1363 (Pa. Super. 1984) (a defendant's "expectation of privacy in the contents of [a bag] is measurably decreased by . . . hiding it on the property of an unknown third party"). We conclude no relief is due.

We adhere to the following standard of review:

> [I]n appeals from orders granting suppression, our scope of review is limited to the evidence presented at the suppression

_____

[5] The Commonwealth also filed an "amended" Rule 1925(b) statement on September 24, 2019, which we note was identical to the initial Rule 1925(b) statement filed on September 16th.

hearing. Thus, we may consider only the evidence from the appellee's witnesses together with the Commonwealth's evidence that, when read in context of the record at the suppression hearing, remains uncontradicted. As for the standard of review, we apply no deference to the suppression court's legal conclusions. In contrast, we defer to the suppression court's findings of facts, because it is the fact-finder's sole prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony.

*Commonwealth v. Powell*, 228 A.3d 1, 4 (Pa. Super. 2020) (citation omitted).

Our Supreme Court has stated:

The primary objective of the Fourth Amendment to the U.S. Constitution and Article I, Section 8 of the Pennsylvania Constitution is the protection of privacy.

As a general rule, for a search to be reasonable under the Fourth Amendment or Article I, Section 8, police must obtain a warrant, supported by probable cause and issued by an independent judicial officer, prior to conducting the search. This general rule is subject to only a few delineated exceptions . . . .

*Commonwealth v. Gary*, 91 A.3d 102, 106-07 (Pa. 2014) (citations omitted).

One such exception to the warrant requirement exists when the property seized has been abandoned. "[I]t is well settled that no one has standing to complain of a search of seizure of property that he has voluntarily abandoned." . . . In [*Commonwealth v. Shoatz*, 366 A.2d 1216 (Pa. 1975),] our Supreme Court outlined the test for determining whether an abandonment has occurred:

The theory of abandonment is predicated upon the clear intent of an individual to relinquish control of the property he possesses.

Abandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts. All relevant circumstances existing at the

- 6 -

time of the alleged abandonment should be considered. . . . The issue is not abandonment in the strict property-right sense, **but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.**

***Commonwealth v. Williams***, 551 A.2d 313, 315 (Pa. Super. 1988) (citations omitted).

Here, the trial court first found the officers lacked reasonable suspicion to conduct an investigative detention of Appellee, and furthermore lacked probable cause to detain him and search his property. Trial Ct. Op. at 7. The Commonwealth does not challenge these findings on appeal. The trial court, however, further found Appellee did not abandon the bag, and thus "Officer Godlewski lacked probable cause to seize and search the bag without a warrant." ***Id.*** at 10 (footnote omitted). The court reasoned:

Here, in this Court's opinion, [Appellee] did not manifest an intent to abandon the bag in which the guns were found. Before Officer Godlewski approached [Appellee,] he, according to the officer, placed/dropped the bag into a space in a bush situated right next to him. The bag remained obviously visible and [Appellee] did not engage in any sort of conduct indicating that it was his intention to disassociate himself from the bag. He never attempted to flee and there was no evidence presented that he placed the bag down in a surreptitious or secretive manner. In fact, in this Court's opinion, [Appellee's] actions demonstrated an intent to exercise control over it.

*       *       *

Upon determining that [Appellee] did not abandon the bag, this Court then concluded that Officer Godlewski illegally searched

the bag because he lacked a warrant authorizing a search of the bag.

Trial Ct. Op. at 12-13.

We do not disturb the trial court's findings that Appellee did not abandon his bag and, instead, "his actions demonstrated an intent to exercise control over it." **See** Trial Ct. Op. at 12. We reiterate that we consider only the evidence that remains uncontradicted and we defer to the trial court's credibility findings. **See Powell**, 228 A.3d at 4. Here, while Officer Godlewski initially testified Appellee "dropped" the bag "behind the bush," upon reviewing a photograph of the property on cross-examination, the officer conceded that Appellee placed the bag in a foot-wide "nook" or "space" next to the bush, the bag remained visible, and Appellee immediately sat "right next to the bag." N.T. at 13, 15, 21.

Furthermore, we may distinguish **Anderl**, 477 A.2d 1356, upon which the Commonwealth relies for the principle that "a defendant's 'expectation of privacy in the contents of [a bag] is measurably decreased by . . . hiding it on the property of an unknown third party.'" **See** Commonwealth's Brief at 11. In that case, the defendant was involved in a car accident. **Anderl**, 477 A.2d at 1359. The defendant removed a satchel from his trunk, "place[d] it behind a hedge nearby," and responded in the negative when an officer asked whether it belonged to him. **Id.** Here, Appellee, unlike the defendant in **Anderl**, did not attempt to hide his bag upon police approach. Rather, he placed it directly next to him as he sat down.

The facts in **Commonwealth v. Sanders**, 595 A.2d 635 (Pa. Super. 1991), are more analogous. In **Sanders**, a police officer, responding to a call about suspected drug dealing, witnessed the defendant holding a black pouch and placing the pouch on the hood of a car next to him. **Id.** at 636. The officer walked up to the defendant, opened the pouch, and observed narcotics inside. **Id.** The trial court found the narcotics were illegally seized. On appeal, this Court affirmed, concluding the defendant did not abandon the pouch. **Id.** This Court considered that the defendant did not walk away or attempt to disassociate himself from the pouch. **Id.** at 637. Here, Appellee, like the defendant in **Sanders**, did not try to disassociate himself from his bag, but again, placed the bag within close range to his person.

For the foregoing reasons, we affirm the trial court's order granting Appellee's motion to suppress the firearms.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/20